(No. 5984. July 13, 1933.)

GEORGE SUGARS, Appellant, v. OHIO MATCH COM-PANY and AETNA CASUALTY & SURETY COM-PANY, Respondents.

[23 Pac. (2d) 743.]

E. H. Berg, for Appellant.

Whitla & Knudson, for Respondents.

BUDGE, C. J.—From the record it appears that Ohio Match Company (hereinafter referred to as "the company") carries on extensive logging operations in connection with the manufacture of lumber. By reason of heavy snowfalls in the vicinity where such logging operations are conducted, the company is only able to operate there for approximately six months in each year. Appellant was employed by the company each year from and including 1925 to and including 1931 in various capacities in connection with its logging operations, but chiefly as what is known as a "gyppo contractor." During those years his employment lasted approximately six monthts, it being conceded that he did no other work during the remainder of each of those years. He was injured in the course of his employment with the company in September, 1931, and sought compensation therefor in a proceeding before the Industrial Accident Board, which denied him compensation. The district court, upon appeal, made and entered judgment reversing the findings and rulings of law of the Industrial Accident Board and awarded compensation, basing the same upon an average weekly wage computed by taking appellant's earnings for the twelve months immediately preceding the date of the injury and dividing the same by 52. This appeal is from the judgment

and is limited to the method of computation of appellant's average weekly wages, appellant contending that his earnings for the twelve months immediately preceding his injury should be divided by the number of weeks he actually worked to correctly determine his average weekly wages for purposes of compensation.

The method of computing the average weekly wages is set forth in I. C. A., sec. 43–1118, which, as far as material here, reads as follows:

"Average weekly wages shall be computed in such a manner as is best calculated to give the average weekly earnings of the workman during the twelve months preceding his injury; provided, that where by reason of the shortness of the time during which the workman has been in the employment, or the casual nature of the employment, it is impracticable to compute the rate of remuneration, regard may be had to the average weekly earnings which, during the twelve months previous to the injury, were being earned by a person in the same grade employed at the same work by the employer of the injured workman, or if there is no person so employed, by a person in the same grade employed in the same class of employment and in the same district. . . . ."

There is no question here as to the "shortness of the time during which the workman has been in the employment," it being shown that appellant had been in that employment for six years; nor any question as to the "casual nature of the employment," as appellant's employment was regular and not casual (*Flynn v. Carson*, 42 Ida. 141, 243 Pac. 818; *Orr v. Boise Cold Storage Co.*, 52 Ida. 151, 12 Pac. (2d) 270), so as to invoke the proviso contained in the foregoing section. Furthermore, no evidence was offered as to the average weekly earnings which during the twelve months previous to the injury were being earned by persons similarly employed. It is therefore clear that the computation must be based on the first clause of I. C. A., sec. 43–1118, which limits our discussion to whether or not the trial court made its computation "in such a manner as is best calcu-

lated to give the average weekly earnings of the workman during the twelve months preceding the injury.''

The court found ''that during the twelve months immediately preceding the date of his accident he (appellant) earned $779.15,'' and by dividing that amount by the number of weeks in a year further found ''that his average weekly earnings were the sum of $14.98.'' The total earnings of appellant for the twelve months preceding his injury, as found by the court, represented six months actual work, no work being done by him during the remaining six months.

Appellant's theory of computation, namely, by dividing the earnings of appellant for twelve months prior to his injury by the number of weeks he actually worked, is certainly not such a computation ''as is best calculated to give the average weekly earnings of the workman during the twelve months preceding his injury,'' as such computation would result in appellant's average weekly wage during the whole year, including the time he did not work, being practically equal to what he earned while he was actually employed. Such computation is based upon the average weekly earnings during six months and not a year preceding appellant's injury. As said in *Andrejwski v. Wolverine Coal Co.*, 182 Mich. 298, 148 N. W. 684, 687, Ann. Cas. 1916D, 724:

''To charge this employment with compensation for injuries to its employees on the same basis as employments which operate during substantially 300 days in the year would be an apparent injustice, as such compensation would be based on the theory of impossible earnings by the employee in that employment which operated upon the average a trifle over two-thirds of a working year.''

and in *Littler v. George A. Fuller Co.*, 223 N. Y. 360, 119 N. E. 554:

''If the nature of the employment does not permit steady work during substantially the whole of the year the annual earning capacity of the injured employee in the employment is the proper basis of compensation.''

There is nothing in the record from which it can be determined or inferred what appellant's earnings would have been for the six months he did not work, even if he had worked, or whether in such case his earnings would have been approximately the same as the rest of the year. This is not a case where the workman worked for more than one employer during the year.

The true test has been announced as follows: What were the average weekly earnings, regard being had to the known and recognized incidents of the employment, including the element of discontinuousness. (*Anslow v. Cannock Chase Colliery Co., Ltd.*, 1 K. B. (1909) 352; *Littler v. George A. Fuller Co., supra.*)

Appellant had worked for the company for a number of years and there was consequently a definite, fixed basis upon which his average weekly wages could be "computed." Here we have no question as to shortness of time of the employment or the casual nature thereof, making it impracticable to "compute" the rate of remuneration, or making it necessary to resort to "estimates" of his average weekly wages by considering the wages of persons similarly employed. Such estimates are only to be made where there is no basis for computation and become necessary where the claimant has not been in the employment for a year or more and consequently there is no definite basis for computing his average weekly wage. (See *Anslow v. Cannock Chase Colliery Co., Ltd., supra.*)

The "earnings of the workman during the twelve months preceding his injury were $779.15." That is the annual earnings. There being 52 weeks in the year, that sum, divided by 52 gives the average weekly earnings. Under the facts and circumstances of this case, regard being had to the known and recognized incidents of the employment, including the element of discontinuousness, and particularly the fact that the company's logging operations at this place only continued for approximately six months in each year, the trial court did not err in making the computation on the basis above set forth. (*Anslow v. Cannock Chase Colliery*

*Co., Ltd., supra; Andrejwski v. Wolverine Coal Co., supra; De Mann v. Hydraulic Engineering Co.,* 192 Mich. 594, 159 N. W. 380; *Utah Fuel Co. v. Industrial Commission,* 59 Utah, 46, 201 Pac. 1034; *Littler v. George A. Fuller Co., supra;* annotations, L. R. A. 1916A, 152, par. 4; L. R. A. 1917D, p. 175.)

The judgment is affirmed. No costs awarded.

Givens, Morgan, Holden and Wernette, JJ., concur.