[Civ. No. 6620.   Third Dist.   Oct. 14, 1941.]

C. W. HOWELL et al., Petitioners, v. INDUSTRIAL ACCI-
DENT COMMISSION and MRS. GRACE ENSLEY
et al., Respondents.

R. P. Wisecarver for Petitioners.

Everett A. Corten for Respondents.

TUTTLE, J.—Petition to annul an award of Industrial
Accident Commission, fixing the amount of death benefit due
the widow and minor children of Ernest F. Ensley.   The
sole question presented is the method or basis of computation
used by the commission in arriving at the weekly disability
indemnity and the total death benefit.   The right to raise
such question in this proceeding is not in dispute.

Ensley was killed while employed by petitioners Howell &
Howell.   He was a logger, and by reason of weather condi-
tions existing in Plumas County, was only able to work some
eight months of each year.   In making the award, the com-
mission took the total yearly earnings of decedent, and divided
them by eight.   It is the contention of petitioners that such
earnings should be divided by twelve.   The commission found

that the average monthly wage was $146.87, resulting in a death benefit of $5860.20, payable at the rate of $20.93 a week. The theory of petitioners, if it prevailed, would reduce the weekly benefits to $13.95 per week, and the total benefits to $3905.54.

We think that the commission was vested with jurisdiction to make the award, under the provisions of section 4453, subdivisions (c) and (d) of the Labor Code, which set forth the manner of computing average weekly earnings in a case of this character. Those subdivisions of the section read as follows:

"(c) If the earnings are at an irregular rate, such as piecework or on a commission basis, or are specified to be by the week, month, or other period, then the average weekly earnings mentioned in subdivision (a) above shall be taken as ninety-five per cent of the actual weekly earnings average for such period of time, not exceeding one year, as may conveniently be taken to determine an average weekly rate of pay.

"(d) Where the employment is for less than thirty hours per week, or where for any reason the foregoing methods of arriving at the average weekly earnings cannot reasonably and fairly be applied, the average weekly earnings shall be taken at ninety-five per cent of the sum which reasonably represents the average weekly earning capacity of the injured employee at the time of his injury, due consideration being given to his actual earnings from all sources and employments."

Under the latter subdivision of the section, considerable discretion is vested in the commission in deciding what method of computing average weekly earnings should be adopted. (*Aetna Life Ins. Co. v. Industrial Acc. Com.*, 130 Cal. App. 488 [20 Pac. (2d) 372].) We can see no abuse of discretion in the adoption of the method prescribed in subdivision (d), and must assume that the commission followed that course.

The commission may well have concluded that the other methods of computation fixed by the statute could not, under the peculiar circumstances of the case, be reasonably and fairly applied, and that therefore they were authorized to base the benefits upon the average weekly *earning capacity* of the employee *at the time of his death,* and in so doing, we

must assume they gave due consideration to his actual earnings. In other words, proof of his actual weekly earnings furnished evidence of his earning capacity at the time of the injury.

Petitioners contend: "It was an employment that was isolated; there was no other employment at the times when he could not work by reason of weather conditions, and his total earning capacity was represented by the money which he could earn during the year at those times when he worked."

Petitioners rely upon the case of *Sugars* v. *Ohio Match Co.*, 53 Idaho 408 [23 Pac. (2d) 743], an Idaho case. The court there adopted the method of computation urged by petitioners. It appears, however, that the section of the Idaho act upon which that case turns, uses the actual earnings for twelve months as a basis for fixing the award. The pertinent section reads as follows:

"Average weekly wages shall be computed in such a manner as is best calculated to give the average weekly earnings of the workman *during the twelve months preceding his injury*. . . . " (Italics ours.)

Finally, we are required, under section 3202 of the Labor Code, to give a liberal construction to the sections mentioned. Liberally construing the law, we believe that the commission was permitted to adopt the course pursued here.

The commission having jurisdiction to make the award, it is ordered that said award be affirmed.

Ross, J., *pro tem.*, and Thompson, Acting P. J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied December 11, 1941.