484 P.2d 290

Ruth Anne NELSON, Claimant-Respondent,

v.

BOGUS BASIN RECREATIONAL ASSOCI-
ATION, Inc. and State Insurance
Fund, Defendants-Appellants.

No. 10647.

Supreme Court of Idaho.

April 21, 1971.

Coughlan, Imhoff, Christensen & Lynch,
Boise, for defendants-appellants.

Moffatt, Thomas, Barrett & Blanton,
Boise, for claimant-respondent.

SPEAR, Justice.

On March 30, 1969, the respondent re-
ceived a personal injury arising out of and
in the course of her employment with
Bogus Basin Recreational Association.
Miss Nelson was employed as a part-time
ski instructor, giving lessons of two hours
each for which she was paid at a rate per
student which decreased as the number of
students in her classes increased, resulting
in an irregular hourly rate of pay. The
respondent reported for employment on a
regular basis, but the amount of money
she received was different each pay period
because the number of students varied.
Based on an average of 7 to 8 students per
class, the Industrial Accident Board found

that the respondent received an average of $2.75 hourly. In its findings of fact, the board also noted that but for the disability Miss Nelson would have been employed as a life guard with the Boise City Recreation Department beginning May 28, 1969, until August 31, 1969 and that she had secured employment with Idaho Sporting Goods for the following fall and winter.

■ Considering that respondent had been receiving an average of $2.75 per hour, the board determined that she had an average weekly wage of $99.00. This figure was arrived at by applying the definition of average weekly wage in I.C. § 72–318 [1]—36 times the hourly rate of pay. Applying I.C. § 72–310(a) (1), 1967 S.L. ch. 231, p. 684,[2] the board set respondent's compensation for her total temporary disability at the maximum of $37.00 per week since 55% of the $99.00 is more than $37.00. A credit of $18.19 per week until the time of the award was allowed for the payments which had been made until that time.

The only issue presented on appeal is whether the board employed the correct method to compute the amount of compensation due claimant for her injury. Appellant's assignments of error may be summarized into three categories: there was not sufficient evidence to support the board's calculation of the respondent's actual average hourly and weekly earnings, the board erred in considering the respondent's prospective employment with other employers when the season closed at Bogus Basin, and the board misapplied Idaho Code §§ 72–310, 72–318 in computing the average weekly wage. The appellant contends that the proper method to compute the amount of compensation due the respondent is to divide the actual total earnings by the number of weeks she actually worked for the individual employer in whose service she was injured, and allow her 55% of that figure per I.C. § 72–310(a) (1). In addition, the appellant argues that where a person works only part time or intermittently for several employers, and is injured in the service of one of them, the other employment or prospective employments should not be considered in fixing the award. Appellant cites I.C. § 72–310(d) [3] and contends that compensation should never exceed the amount of the claimant's actual average weekly wages. By the method advanced by appellant, the amount of compensation would be her total earnings, $364.25, divided by the number of weeks actually worked, 15, resulting in an actual weekly wage of approximately $25.00.

Our review of the record satisfies us that there was sufficient competent evidence before the board for it to determine that respondent's average hourly wage was $2.75. This court cannot overturn any finding of fact made by the board which

---

1. 72–318. Computation of wages.—Average weekly wages as the basis for computing compensation shall be the weekly wages paid or payable to the employee at the time of the accident, but not less than 36 times the hourly rate of pay or not less than 4½ times the daily rate, whichever is more applicable under the contract of hiring. When circumstances are such that the actual rate of pay cannot be readily ascertained, the wage shall be deemed to be the contractual, customary or usual wage in the particular employment, industry or community for the same or similar service.

2. 72–310(a). Total disability compensation.—Where the injury causes total disability for work, the employer during such disability shall pay the injured employee weekly compensation in accordance with the following schedule, subject to deductions, if any, on account of waiting period, partial disability, and limited wages, as set forth in section 72–310(b), 72–310 (c) and 72–310(d):

(1) Workman without Dependents.— To an injured employee without dependents, weekly compensation equal to 60% of his average weekly wages, but not more than $43.00 nor less than $26.00 per week for a period not exceeding 400 weeks, and thereafter a weekly compensation of $26.-00 per week.

\* \* \* \* \*

3. 72–310(d). Compensation not to exceed wages.—In no case shall the weekly compensation exceed the full amount of the injured employee's average weekly wages.

is supported by substantial, competent evidence. I.C. § 72–609; Fountain v. T. Y. and Jim Hom, 92 Idaho 928, 453 P.2d 577 (1969); Bennett v. Bunker Hill Co., 88 Idaho 300, 399 P.2d 270 (1965).

■ Appellant objects to the board's admitting in evidence testimony and making findings of fact regarding respondent's past and future employment. Error is also assigned in the board's finding that respondent had an actual average weekly wage of $33.07. While it appears to us that this figure was arrived at by an artificial method, we find no error here. We also find no error in the board's action regarding past and future employment. At no place in the board's conclusions of law and award does it appear that either factor was considered. Rather, the amount of the award was computed considering, in the board's own words, " * * * capacity to earn, measured by what an employee of the same class and grade could earn in the employment in which said employee was engaged at the time of the accident," and also considering respondent's average hourly wage of $2.75.

As previously stated, appellant argues that the proper method by which respondent's average weekly wages should have been computed was to have divided the total earnings by the number of weeks worked, and cites three Idaho cases in support of this proposition. These cases are: In re Black, 58 Idaho 803, 80 P.2d 24 (1938); Feuling v. Farmers' Co-op. Ditch Co., 54 Idaho 326, 31 P.2d 683 (1934); Sugars v. Ohio Match Co., 53 Idaho 408, 23 P.2d 743 (1933). In *Black* one issue was whether there was competent and substantial evidence of the amount of income of the deceased to establish the award as correct. The issue was not the correctness of the method of calculating the average weekly wage and thus that case does not apply here. This court reversed a district court award of compensation at the rate of $4.62 per week in *Feuling* for the reason that there was insufficient evidence before the district court to establish the respondent's

average weekly wage according to the statutory pattern existing at that time. Again, the method of calculation was not in question and the *Feuling* case does not support appellant. Sugars v. Ohio Match Co., supra, is clearly inapplicable to the case presently under consideration. *Sugars* concerned an appeal by an injured worker who was employed for approximately six months and did not work the remainder of the year. The district court awarded compensation by dividing the claimant's total earnings for the preceding year, in which he had only worked six months, by 52. Claimant appealed, contending that the correct rate of compensation was to be computed by dividing the total earnings by the total number of weeks actually worked. Applying I.C.A. § 43–1118, which stated in part: "Average weekly wages shall be computed in such a manner as is best calculated to give the average weekly earnings of the workman during the twelve months preceding his injury * * *," this court affirmed the award as made by the district court. There appears to be no Idaho case which holds according to appellant's theory. Therefore, the issue for our consideration is reduced to whether the board properly applied I.C. § 72–310 and I.C. § 72–318 in its calculation of the award.

■ I.C. § 72–310(a) (1) (see N. 2) provides that an injured worker without dependents is entitled to 55% of his *average weekly wage* up to $37.00 maximum per week. I.C. § 72–310(d) provides that in no case shall a worker's weekly compensation exceed his *average weekly wages.* The correctness of the award depends on what meaning the legislature intended for the term "average weekly wage" in these statutes. If this term is to be interpreted according to its ordinary meaning, then we can appreciate the validity of appellant's argument. However, I.C. § 72–318 seems to be a definition section stating that *"average weekly wages"* are the weekly wages payable to the employee but not less than 4½ times the daily rate or 36 times the hourly rate whichever is more applicable. Since this is the only section of the

statutes which gives a definition to the term, we must conclude that this is the meaning which applies in both I.C. § 72–310(a) and (d). We are further convinced that this is the interpretation of this section which was intended by the legislature because I.C. § 72–318 seems to cover both the full time and part time employee. In the situation of the full time employee, the applicable language is "wages paid or payable to the employee at the time of the accident." The provisions for 36 times the hourly rate or 4½ times the daily rate are irrelevant to the full time employee situation. Therefore the latter provisions must apply to the part time employee, the legislature having established as a minimum the amount of compensation an injured part time employee is to receive. We conclude that the term "average weekly wage" as used in the statutes is a term of art and is not used in its ordinary sense. Therefore, the Industrial Accident Board properly determined that respondent was entitled to $37.00 per week compensation.

Award by the Industrial Accident Board affirmed. Costs to respondent.

McQUADE, C. J., and McFADDEN, DONALDSON and SHEPARD, JJ., concur.