(No. 6069.  April 6, 1934.)

FRANK J. FEULING, Respondent, v. FARMERS' CO-OP-ERATIVE DITCH COMPANY, a Corporation, Employer, and STATE INSURANCE FUND, Surety, Appellants.

[31 Pac. (2d) 683.]

S. Ben Dunlap, for Appellants.

Stewart S. Maxey and John D. Ewing, for Respondent.

WERNETTE, J.—Claimant and respondent, Frank J. Feuling, was in the employ of defendant and appellant, Farmers' Co-operative Ditch Company, on April 29, 1932. He was employed by appellant two or three days prior to

that date as a common laborer, with a salary of $2.40 per day, to assist in repairing a diversion dam across the Boise River. Part of the work consisted in carrying rocks from the bank of the river to a barge anchored in the stream. While so engaged in carrying a rock to the barge, respondent slipped and started to fall. To prevent falling he dropped the rock he was carrying and broke his fall by catching hold of the barge. When respondent had this accident, which was between 4 and 4:30 o'clock in the afternoon, he felt no injury or pain but continued with his work until 5 o'clock, which was the customary quitting time, and then went to his home. About 9 o'clock that evening respondent experienced pain in the nature of soreness in the small of his back. This pain and soreness continued and became somewhat more severe until May 28, 1932, when respondent consulted with and was examined by a chiropractor, who found respondent to have a minor sacroiliac slip or sprain with a subluxated fifth lumbar vertebra.

The work which respondent had been engaged in for appellant was completed on the same day he suffered the accident, April 29, 1932. From the time of the accident until the time of the hearing before the Industrial Accident Board, November 29, 1932, respondent performed no labor except for a few days in a mercantile store and sixteen days in July, 1932, in attendance at a national guard encampment, which attendance required no physical drill work. Aside from the work described, respondent testified that he was disabled for work from the time of the accident until the time of hearing.

No written report of the injury was made by respondent to appellants until July 1, 1932. It does appear, however, that on the evening of May 28, 1932, after having consulted with the chiropractor for the first time, the respondent did go and discuss his injury with Mr. John Turner, who was superintendent of the Farmers' Co-operative Ditch Company at the time respondent sustained the injury, and, who witnessed the accident.

On hearing before the Industrial Accident Board, that body refused to award compensation to respondent, finding,

among other things, that notice of the accident "was not given to the employer as soon as practical after the happening thereof and that it has not been shown that the employer has not been prejudiced by such delay."

Thereafter an appeal was taken to the district court. Judgment was entered by the court reversing the Industrial Accident Board and awarding respondent compensation for partial disability for thirty weeks, for medical services and costs. This appeal is prosecuted from the judgment of the district court.

There is sufficient evidence to show that the injury suffered by respondent arose out of and in the course of his employment. The question is then presented, did appellant, employer, receive notice of the accident and within time, as contemplated by sections 43–1202 and 43–1205, I. C. A.? The provisions of those sections, which are material to a determination of that question, are:

43–1202. "NOTICE OF INJURY AND CLAIM FOR COMPENSATION.—No proceedings under this act for compensation for any injury shall be maintained unless a notice of the accident shall have been given to the employer as soon as practicable but not later than sixty days after the happening thereof, . . . . "

43–1205. "SUFFICIENCY OF NOTICE.—A notice given under the provisions of section 43–1202 shall not be held invalid or insufficient by reason of any inaccuracy in stating the time, place, nature or cause of the injury, or otherwise, unless it is shown that the employer was in fact misled to his injury thereby. Want of notice or delay in giving notice shall not be a bar to proceedings under this act if it be shown that the employer, his agent or representative, had knowledge of the accident, or that the employer has not been prejudiced by such delay or want of notice."

The Industrial Accident Board did not find that the employer had notice of the accident prior to July 1, 1932, when written notice was given. The district court found that the employer received oral notice of the accident on May 28, 1932, when respondent discussed his injury with appellant's

superintendent. We believe there is sufficient evidence to sustain the finding of the district court, and that the notice to the superintendent was notice to the employer. (*Crowley v. Idaho Industrial Training School,* 53 Ida. 606, 26 Pac. (2d) 180.) But this conclusion does not dispose of the question. Three weeks elapsed between the time of the accident and the oral notice to the employer, and the appellants make the contention that notice was not given "as soon as practicable" resulting in prejudice to the employer, and the board so found. On the other hand respondent contends that appellants had notice of the accident within the meaning of section 43–1202, I. C. A., on April 29, 1932, for the reason that appellant's superintendent witnessed the happening of the accident.

Prior to 1927, C. S., 1919, sec. 6243, now sec. 43–1202, I. C. A., provided: "No proceedings under this chapter for compensation for any injury shall be maintained unless a notice of the injury shall have been given . . . . " In 1927 that section was amended, chap. 106, sec. 9, Sess. Laws 1927, so that instead of reading "notice of the injury," the statute, as amended, reads, "notice of the accident."

Sections 43–1202 and 43–1205, I. C. A., are to be construed together, and it is to be noted that in section 43–1205, defining sufficiency of notice, reference is again made to notice of the "accident" not "injury," that section reading, in part, as follows:

"Want of notice or delay in giving notice shall not be a bar to proceedings under this act if it be shown that the employer, his agent or representative, had *knowledge of the accident.* . . . . " (Italics ours.)

It would thus seem clear that it was the express intention of the legislature in changing the word 'injury" to "accident" in sec. 43–1202, to lift from the claimant the burden of proving that the employer had notice that an injury was actually sustained if the employer's knowledge of the accident, which resulted in injury, can be shown. So, it is not necessary under our statutes that the employer must have notice within the time specified that an injury actually re-

sulted from the accident of which the employer had knowledge.

It may well have been that the employer was, in fact, prejudiced by reason of lack of knowledge of respondent's injury in this case, for there was evidence that if respondent had been under a doctor's care from the date of the accident, April 29, 1932, to the date of the oral notice to appellant's superintendent, May 28, 1932, the period of disability would have been greatly shortened. But the legislature has found it proper to express that the employer is not prejudiced if he has notice of the "accident," though no injury is apparent at the time the accident is sustained, as in this case. It is for the court to follow the plain provisions of the sections of the statute in question, and we therefore hold that the employer had sufficient notice of the accident within the meaning of section 43–1202, I. C. A.

■■ Appellants assign as error the finding of the district court that by reason of the injury respondent was partially disabled for work for a period of thirty weeks, from April 29, 1932. Appellants contend there is not sufficient evidence to support such finding. In this we cannot agree. From the testimony of the respondent it was shown that after the accident he had worked in a mercantile store but a few days, but that he was unable to continue this work because of the pain in his back. Aside from that work the respondent spent sixteen days in a national guard encampment, but while there respondent took no part in any hard physical exercise or labor. This was the only evidence in the record as to any work respondent may have been able to perform after the accident. The finding of the district court was but a reiteration of the finding made by the board upon sufficient evidence to support the same, which will not be disturbed on appeal.

■■ The last assignment of error to be considered, is that the court erred in concluding that judgment should be given awarding compensation to respondent at the rate of $4.62 per week for a period of thirty weeks, for the reason that there was no evidence from which the court could properly arrive at such an award.

The method for computing the compensation to which a partially disabled employee is entitled is set forth in section 43–1112, I. C. A., as follows:

"Where the injury causes partial disability for work, the employer, during such disability and for a period not exceeding 150 weeks, shall pay the injured workman a weekly compensation equal to fifty-five per cent of the difference between his average weekly wages before the accident and the weekly wages he is able to earn thereafter. . . . . "

So, by the above section of the statute a method for computing the award is provided, where the average weekly wage before the accident is shown. Where, because of the shortness of time of the injured claimant's employment, or from the casual nature of the employment, a rate of average weekly earnings cannot be practicably determined a method for computation is provided by section 43–1118, I. C. A., as follows:

"Average weekly wages shall be computed in such a manner as is best calculated to give the average weekly earnings of the workman during the twelve months preceding his injury: provided, that where by reason of the shortness of the time during which the workman has been in the employment, or the casual nature of the employment, it is impracticable to compute the rate of remuneration, regard may be had to the average weekly earnings which, during the twelve months previous to the injury, were being earned by a person in the same grade employed at the same work by the employer of the injured workman, or if there is no person so employed, by a person in the same grade employed in the same class of employment in the same district. . . . . "

In the instant case the respondent had been employed by appellant, employer, for a period of only two or three days, at a wage of $2.40 per day. Aside from this showing of wages and employment before the accident there was no evidence introduced, whatsoever, as to other wages or employment. Nor was there any evidence to show the average weekly wage of workmen of the same grade in the same class of employment. Neither the board nor the court

made any finding of fact as to the average weekly wage of respondent before the accident, in fact there was no evidence on which such a finding could be based, as it cannot be said that $2.40 per day was the wage upon which his average weekly wages could be based when he had worked only two or three days. In other words, without evidence to show the average earnings of claimant over the preceding twelve month period before the accident, or a showing of what the average wages are of a workman of the same grade employed in the same class of employment, the board or courts have no authority, under our statutes, to arbitrarily set a figure as claimant's average weekly wage and from that compute an award. It may not be amiss to call the particular attention of the Industrial Accident Board to the fact that it is a fact finding and administrative body; that whenever a claim is properly presented to it for investigation and determination, that the statute expressly provides, section 43–1404, I. C. A.: "The board, or the member of the board to whom the matter has been assigned, shall make such inquiries and investigations as shall be deemed necessary. . . . . " The Workmen's Compensation Law itself provides, and this court has repeatedly held that the same shall be liberally construed for the benefit of those whom it is intended to protect. Strict rules of procedure are not required and the board shall so conduct its duties as to promote justice and not pervert the same. When a claimant has failed or overlooked submitting evidence to establish the amount of compensation to which he is entitled, and there is no question but that he is entitled to compensation, then it is the duty of the board to call attention to such failure and see to it that whatever evidence is available to establish such fact is presented, and then make the necessary findings of fact. In this case there is no question but that an average weekly wage existed as to this claimant, upon which an award could be based, and it could have been established by the average weekly earnings of the workman himself, but if for any reason, as pointed out in the statute, that was impossible it could have been established otherwise,

as the statute provides.  (See *In re Bones,* 48 Ida. 85, 280 Pac. 223.)

Under the record, as here presented, respondent was not entitled to compensation for thirty weeks at $4.62 per week, but was entitled to compensation for medical services and costs.  It is ordered that the judgment of the district court is reversed, and that the district court enter an order referring this case back to the Industrial Accident Board with directions to permit claimant to submit such evidence as he may desire to establish his average weekly wage, and that the board then make findings of fact, conclusions of law and award in conformity with this opinion.

Costs awarded to appellants.

Givens and Morgan, JJ., concur.

Budge, C. J., and Holden, J., concur in the opinion but dissent as to the awarding of costs to appellants on appeal.