441 P.2d 172

Alvin N. DUGGAN, Claimant-Respondent,

v.

POTLATCH FORESTS, INC., and Workmen's Compensation Exchange, Defendants-Appellants.

No. 10132.

Supreme Court of Idaho.

May 27, 1968.

Blake, Givens, Feeney & Clark, Lewiston, for appellants.

Paul C. Keeton, Lewiston, for respondent.

TAYLOR, Justice.

In proceedings before the Industrial Accident Board, claimant (respondent) was awarded total temporary disability and medical benefits. Defendants (employer and surety, appellants) appealed.

A hearing was had before the Board June 12, 1967. Testimony of the claimant and Dr. Colburn, the attending physician, and other evidence was produced on behalf of the claimant. Whereupon claimant rested. The Board then ordered the cause continued over the term. The record does not show that either party objected to the continuance, nor does the record show that defendants were given an opportunity to present evidence, nor that they waived their right to be heard.

Subsequently, without notice, on September 25, 1967, the Board made an order awarding claimant compensation for total temporary disability and for medical and hospital expenses. The Board found that at the time of the hearing claimant was not surgically healed and the award purported to be final only as to issues decided. The Board reserved jurisdiction to hear and determine other issues then pending or thereafter arising "upon appropriate supplemental pleadings by any party in interest."

On this appeal defendants do not deny the general authority of the Board to grant or deny a continuance or to make a so-called interim award. They contend, however, that the action of the Board in making an award without notice during a continuance, when one party had not been heard nor afforded an opportunity to be heard, was a denial of due process under United States Constitution, amendment 5, and amendment 14, § 1, and Idaho Constitution, art. 1, § 13.

Proceedings under the Workmen's Compensation Law are designed to afford employees a speedy, summary and simple remedy for the recovery of compensation for injuries sustained in industrial accidents and are not governed so

strictly by evidentiary and procedural rules as applied in courts of law. I.C. § 72–601; Walker v. Hogue, 67 Idaho 484, 185 P.2d 708 (1947); Pierstorff v. Gray's Auto Shop, 58 Idaho 438, 74 P.2d 171 (1937); Feuling v. Farmers' Co-op. Ditch Co., 54 Idaho 326, 31 P.2d 683 (1934); Kelley v. Prouty, 54 Idaho 225, 30 P.2d 769 (1934). However, the procedure of the Board must be "as far as possible in accordance with the rules of equity." I.C. § 72–601. Due process of law under the federal and state constitutions "requires that one be heard before his rights are adjudged." Lovell v. Lovell, 80 Idaho 251, 328 P.2d 71 (1958); Western Loan and Bldg. Co. v. Bandel, 57 Idaho 101, 63 P.2d 159 (1936); Mays v. District Court, 34 Idaho 200, 200 P. 115 (1921). This principle of equity embedded in our constitutions is applicable in proceedings before administrative bodies. Washington Water Power Co. v. Idaho Public Util. Comm., 84 Idaho 341, 372 P.2d 409 (1962); Application of Citizens Utilities Company, 82 Idaho 208, 351 P.2d 487 (1960).

■ From the record before us we are constrained to the view that claimant's evidence having been fully presented, the denial to the defendants of the right to be heard was a denial of due process. Claimant's showing may have appeared to the Board convincing and sufficient; defendants nevertheless should have been permitted to present evidence on the issues determined prior to the making of the award. The order is reversed and the cause is remanded to the Industrial Accident Board for further proceedings in conformity herewith.

Defendants also assign as error the failure of the Board to apportion the award made for temporary total disability and medical and hospital expenses. Discussion of that issue, as well as claimant's request for attorney's fees, at this time is deemed premature, since further evidence hereafter presented may have a bearing thereon.

SMITH, C. J., and McQUADE, McFADDEN and SPEAR, JJ., concur.