511 P.2d 304

**Hugh BOTTOMS, Claimant-Respondent,**

v.

**PIONEER IRRIGATION DISTRICT, Employer, and State Insurance Fund, Surety, Defendants-Appellants.**

No. 11128.

Supreme Court of Idaho.

June 29, 1973.

**488**

Glenn A. Coughlan, Coughlan, Imhoff, Christensen & Lynch, Boise, for defendants-appellants.

Peter J. Boyd and Larry D. Ripley, Elam, Burke, Jeppesen, Evans & Boyd, Boise, for claimant-respondent.

BAKES, Justice.

Claimant Hugh Bottoms was employed by Pioneer Irrigation District of Caldwell as a ditch rider and maintenance man. Pioneer Irrigation District was insured under the Idaho Workmen's Compensation Law by the State Insurance Fund. On December 9, 1965, the caterpillar tractor which claimant was operating tipped over, and claimant struck his chest against the breather pipe on the hood of the tractor. Claimant went to a Dr. Paul Finck of Caldwell, Idaho, who diagnosed him as having a hiatal hernia and hospitalized claimant from December 21, 1965, until January 14, 1966. Dr. Finck referred claimant to a Dr. A. M. Palrang of Caldwell, Idaho. On January 17, 1966, Dr. Palrang performed an esophagoscopy and biopsy, vagotomy, and a pyloroplasty repair of the hiatal hernia with temporary tube gastrostomy. The initial medical expenses of diagnosis, surgery and hospitalization through March 16, 1966, were paid by the employer's surety, State Insurance Fund, sometime prior to September 21, 1966.

For the balance of 1966, and for the years 1967, 1968 and 1969, claimant received continual medical treatment for the herniated condition of his neck, those treatments consisting primarily of dilation of the esophagus. This was necessitated because the esophagus would shrink to the point where claimant could not ingest food, and without the regular dilations claimant was unable to obtain sufficient nourishment to maintain bodily weight and health. The medical expense incident to these interim treatments was not paid by either the employer or its surety. Apparently claimant's Blue Cross insurance paid these expenses. As a result the record is devoid of any evidence of payments for medical expenses by the surety which were incurred after March of 1966, until October 26, 1970, when the surety paid certain medical expenses incident to corrective surgery in connection with the hiatal hernia which was performed in a Seattle, Washington, hospital on February 25, 1970, more than four years after the accident.

From 1966 to 1970, during the periods of disability resulting from the accident, the employer Pioneer Irrigation District maintained the claimant on its payroll at his regular salary even though during most of the time he was unable to perform his usual employment and was assigned to much lighter work, and on occasion was unable to work at all.

Claimant filed a petition for hearing with the Industrial Commission on December 28, 1969, more than four years after the date of the accident. That claim alleged that it was for "disability for work consisting of internal injuries" and alleged

that he had incurred expenses in an unknown amount for medical attendance, hospital and other services. At the time of filing the petition for hearing, claimant had incurred no loss of wages because his employer had retained him on the payroll regardless of his ability to work on occasion, and, further, all of his medical expense through March, 1966, had been paid by the defendant surety, and since that time presumably by Blue Cross. As a result of these circumstances, the petition for hearing remained essentially dormant until after September 20, 1971, when the Pioneer Irrigation District terminated claimant's employment. Thereafter, on November 16, 1971, claimant through his counsel filed a motion to reopen the matter to determine temporary disability payments pending final disposition of the cause, and alleging a change of circumstances in that his employment had been terminated. Notwithstanding appellant-defendants' objection that claimant's motion to reopen was barred by the four year statute of limitations in I.C. § 72–407, the Industrial Commission granted the motion on November 24, 1971, and reopened the case concluding that the claim was not barred by the statute because the claimant was under continuous medical treatment for his condition during this period which had been paid for by the defendant insurer and because claimant's condition had not stabilized.

The Commission concluded that claimant Bottoms was totally disabled and that substantially all avenues of gainful employment were reasonably closed to him. The Commission also concluded that claimant cannot successfully compete and seek employment, and that his condition appears likely to be permanent. On May 18, 1972, the Commission entered findings of fact, conclusions of law and awarded claimant compensation for his total disability for work for an additional period not to exceed 386 weeks beginning September 20, 1971, at the basic rate of $37 per week, thereafter at the rate of $18 per week.

Appellant surety appeals to this Court alleging that the Industrial Commission erred in awarding claimant compensation because the four year statute of limitations governing this action had run and acts as a bar to this claim.

The four year statute of limitation controlling this matter was I.C. § 72–407 (see present five year limitation, I.C. 72–706) and reads in pertinent part as follows:

"Where, on account of personal injury, payments have been made and thereafter discontinued, such claimant shall have four years from the date of the accident within which to make and file with the industrial accident board an application demanding a hearing for further compensation and an award."

The Industrial Commission concluded that Bottoms' claim was not barred by the four year statute of limitations because he was under continuous medical treatment which was paid by appellant-surety and because he received his regular salary even when he was unable to work. The Commission's Conclusion of Law V reads as follows:

"The defendants assert as an affirmative defense that the claimant's claim is barred by Section 72–407, Idaho Code. The claimant's petition for hearing was filed with the Industrial Accident Board on December 18, 1969, more than four years after the date of his accident. The Commission concludes that the claim is not barred by this section, since the claimant was under continuous medical treatment for this condition during the period which was paid by the defendant and had not reached a medically stable condition. Also, the claimant continued to receive his regular salary even when he was unable to work due to the effects of his injury. The claimant had no reason to petition for a hearing on his claim since he was receiving these benefits."

In stating that the claimant had no reason to petition for a hearing on his claim since he was receiving these benefits the Commission was, in effect, saying that the appellants had waived the statute of limitations.

This Court has had opportunity on several occasions to determine whether certain actions or conduct by the employer or surety constituted waiver of the statute of limitations. In Lindskog v. Rosebud Mines, Inc., 84 Idaho 160, 369 P.2d 580 (1962), this Court held that the four year statute of limitations was waived by the surety continuing to request medical examinations and reports, and furnishing back braces, the expenses of which were authorized and paid by the surety. The Court stated that such conduct by the surety "could very well have led claimant to believe that the employer and the fund had not reached a final decision either as to the end of the healing period or the evaluation of permanent partial disability." Id., at 167, 369 P.2d at 584, and held that this was evidence supporting the conclusion that the statute of limitations was waived.

In Harris v. Bechtel Corporation, 74 Idaho 308, 261 P.2d 818 (1953), this Court held that continued investigation, further hospital and medical treatment and discussion as to payment, constituted a waiver as it led the claimant to believe that there would still be a chance that the surety would ultimately acknowledge liability. The Court said:

"This course of conduct was sufficient to toll the running of the limitation period, and to estop the employer and surety from claiming the bar of the statute. (Omitting citations)." Id. at 312, 261 P.2d at 820.

In Frisbie v. Sunshine Mining Company, 93 Idaho 169, 457 P.2d 408 (1969), this Court reversed an order and remanded for hearing on the question pertaining to waiver. Speaking for a unanimous court, Mr. Chief Justice McFadden said:

"It has been held, however, that the various time limitations for giving notice and filing claims under the Workmen's Compensation Law are merely statutes of limitations which may be waived by the action of the employer or surety where such action could have led the claimant to believe that his request for compensation was still under consideration by the employer. (Omitting citations). The record in the present case reveals that prior to the expiration of the one year time period for filing appellant's claim, the appellant and respondent became engaged in consultations and negotiations concerning the claim. It appears that various attempts were made to arrange meetings between appellant and various company officers and finally a settlement offer was made in July, 1967. Possibly these negotiations might have led appellant to believe that no final decision on his claim had been made by the company and that it was not yet necessary to file a claim with the Industrial Accident Board. If such were the case, it is our opinion that under the authorities cited above, his claim would not be barred. The record, however, is incomplete regarding the time, nature and extent of the consultations and negotiations, and the board did not make any ultimate finding regarding this issue.

"The order of the board is reversed and the cause remanded for determination by the board as to the nature and effect of the negotiations between appellant and respondent, pertaining to the question of waiver." 93 Idaho at 173, 457 P.2d at 412.

See Woodall v. Idaho Potato Processors, Inc., 91 Idaho 626, 428 P.2d 943 (1967), and Atwood v. State of Idaho Department of Agriculture, 80 Idaho 349, 330 P.2d 325 (1958), for circumstances not constituting waiver of the statute of limitations.

■ Even though there is evidence in the record that could be construed to constitute waiver of the statute, and that there are similarities in the present case and those cases cited above which found a waiver, the Industrial Commission made no specific finding on this point. The Industrial Commission's finding that the statute of limitations does not bar claimant's petition on grounds that appellant-surety paid claimant's medical bills incurred during the four year period is not supported

by the record before this Court and is reversed. Except for the medical expenses incurred between the date of the accident on December 9, 1965, and March, 1966, there is no record of any other medical payments by the surety or the employer until long after the four year statute of limitations ran in December of 1969. There was some evidence in the record from which the Commission might have found a waiver of the statute of limitations by the surety. Thus, claimant Bottoms testified that in November, 1969, he was informed by a representative of State Insurance Fund that his medical expenses would be paid. (See Rptr. Tr., Vol. I, pp. 33, 35, 36, 37, 40, 43). Although claimant's testimony was somewhat inconsistent and uncertain, he testified in summary that one Mr. Nix, an employee of the State Insurance Fund, suggested that Bottoms "go in the hospital and get a checkup and find out," (Rptr. Tr., Vol. I, p. 43), and "get it down there in Boise because they would like to keep the money in Boise, . . ." (Id. p. 40). The record indicates that claimant followed the advice of Mr. Nix and was examined by several doctors in Boise prior to undergoing corrective surgery at the Virginia Mason Clinic in Seattle on February 25, 1970. Claimant's testimony to the effect that he was told to get medical treatment by Mr. Nix is supported by the fact that the State Insurance Fund paid the medical expenses incurred in the Seattle operation. Although Bottoms' testimony is somewhat vague, the Industrial Commission would be justified by reason of this evidence to conclude that appellants had waived the four year statute of limitations by leading Bottoms to believe that he would receive medical treatment and that his request for compensation was under consideration. However, the Industrial Commission made no finding of fact or conclusion of law in this regard. The accident whereby respondent received his injury occurred on December 9, 1965. The conversation between respondent and Mr. Nix allegedly took place in November,

1969, well within the four year statute of limitations. If the Industrial Commission should find on rehearing that the conversations in November, 1969, were sufficient to reasonably lead claimant to refrain from petitioning for a hearing, the Commission would be justified in finding that the surety waived the statute of limitations.

Payment of wages under certain conditions may also constitute a waiver and toll the statue of limitations if the claimant reasonably believed the payments were in lieu of compensation. Larson's Workmen's Compensation Law, Vol. 3, § 78.43(c). However, in this regard we do not construe the Commission's Conclusion of Law V as an adequate finding of waiver, based as it was, in part, upon the Commission's erroneous finding that the defendant surety had provided continuous medical treatment.

The award of the Commission is therefore reversed and remanded in order that the Industrial Commission rehear the case to determine whether there is any factual basis upon which to find that the surety or the employer effectively waived the statute of limitations. In the absence of a finding of waiver on the part of State Insurance Fund or the employer, which is based upon substantial and competent evidence, we are of the opinion that the statute of limitations has run and respondent's cause of action is barred because he did not file a petition for hearing with the Industrial Commission until four years after the date of the accident. I.C. § 72-407.

Appellants contend that it was error for the Industrial Commission to find that respondent is totally disabled for work. Extent of disability is a factual matter to be resolved by the Industrial Commission. Griffin v. Potlatch Forests, Inc., 93 Idaho 174, 457 P.2d 413 (1969). It is also a rule of long standing in this Court that findings of the Industrial Commission will be sustained on appeal if supported by substantial competent evidence, Martin Estate v. Woods, 94 Idaho 870, 499 P.2d 569 (1972); Madron v. Green Giant

Company, 94 Idaho 747, 497 P.2d 1048 (1972); Kern v. Shark, 94 Idaho 69, 480 P.2d 915 (1971); and that an award must be supported by at least *some* professional proof. Johnson v. Boise Cascade Corporation, 93 Idaho 107, 456 P.2d 751 (1969).[1]

 Appellant also assigns as error the finding of the Commission that claimant was 100% disabled. Two doctors' opinions are reflected in the record upon which apparently the Commission relied to establish the total disability, even though a panel of doctors had rated his disability at only 25%. The first opinion was that of Dr. Gabrielson who based his opinion of total disability by reference to whether or not claimant could perform his former job. However, the test of total disability is not "whether claimant is able to perform his former work, but whether he is able to work at gainful employment." Griffin v. Potlatch Forests, Inc., 93 Idaho 174, 457 P.2d 413 (1969). Dr. Gabrielson's opinion, couched as it was in terms of whether or not claimant could perform his former job, was not competent professional evidence to support the Commission's finding of total disability. The second doctor's opinion, a letter from Lyle Stones, M.D., of Boise, also stated that respondent was totally disabled. However, this letter was received in evidence under questionable circumstances. The appellant surety stipulated the admission of the letter and opinion of Dr. Stones "provided that Dr. Stones will be called as a witness." Respondent's counsel assured that he would be. The Commission admitted the exhibit "subject to the cross examination of Dr. Stones." However, Dr. Stones was not produced at the hearing, and appellant objects to the use of the letter and opinion of Dr. Stones because he did not appear so that he could be cross examined. Without the admission of the letter opinion of Dr. Lyle Stones, there would be no professional med-

ical expert testimony to support the findings of the Commission. In view of the circumstances surrounding the admission of the letter, and in view of the fact that this matter must go back to the Industrial Commission for rehearing, we are of the view that the finding of the Commission that the claimant is totally disabled should be reheard by the Commission based upon testimony to be produced at a hearing for that purpose, and new findings of fact, conclusions of law and order be entered by the Commission regarding the extent of the disability of the claimant.

Appellants' other assignments of error have been considered by the Court and we are of the opinion they are without merit.

The cause is reversed and remanded for proceedings consistent with this opinion. Costs to appellant.

DONALDSON, C. J., and SHEPARD, McQUADE and McFADDEN, JJ., concur.

---

1. Medical testimony or medical proof has not always been required to support an award. See Stralovich v. Sunshine Mining Co., 68 Idaho 524, 201 P.2d 106 (1948); Warlick v. Driscoll, 68 Idaho 552, 200 P.2d 1014 (1948); Walker v. Hogue et al., 67 Idaho 484, 185 P.2d 708 (1947).