524 P.2d 531

Donald L. HITE, Claimant-Appellant,

v.

**KULHENAK BUILDING CONTRACTOR,
Employer, and State Farm Fire and Casualty Company, Surety, Defendants-Respondents.**

**No. 11292.**

Supreme Court of Idaho.

June 24, 1974.

Rehearing Denied July 23, 1974.

Lloyd J. Webb, Webb, Pike, Burton & Carlson, Twin Falls, for claimant-appellant.

Phillip M. Barber, of Elam, Burke, Jeppesen, Evans & Boyd, Boise, for defendants-respondents.

DONALDSON, Justice.

The issue before the Court in this case is whether the State Industrial Commission may, in a proceeding before it, admit reliable hearsay evidence into the record and whether that evidence is sufficient to support the commission's decision. For reasons that will be discussed, we have concluded that the evidence was properly admitted and will support the decision reached by the commission in this case.

On June 9, 1970, the appellant, Donald L. Hite, was injured while in the employ of respondent Kulhenak Building Contractor. As a result of the accident, he suffered permanent partial loss of one arm and complete loss of his right kidney. A hearing was held before the State Industrial Commission. At the hearing, Dr. C. E. Groom, a urologist from Pocatello, testified on behalf of appellant that he had examined the appellant and rated the loss of one kidney as equivalent to seventy-five percent loss of one leg at the hip. The loss of a leg at the hip is a scheduled loss under the workmen's compensation law while the loss of a kidney is not. It is permissible to rate an unscheduled loss as being equivalent to part or all of a scheduled loss. I.C. § 72–313 (pre 1971 statute). This loss rating would have entitled appellant to receive a total of one hundred and thirty-five weeks of compensation under I.C. § 72–313.

Respondents called as a witness Dr. Gerald Hecker, a urologist from Boise, who testified that he also examined appellant and rated his loss of a kidney as equivalent to ten percent of the loss of a whole man. This would have entitled appellant to receive compensation for forty weeks. I.C. § 72–313. Dr. Hecker testified that after examining the appellant, he consulted the American Medical Association Guides to Evaluation of Permanent Impairment (1971), and that the figure found in the guides was the one he used. He also stated that the guides were prepared by experts in the field of medical disability rating and that his testimony was based entirely upon the guides, that he had no opinion of his own as to the proper rating. Over appellant's objection, the guides were then introduced into evidence.

After reviewing the evidence, the commission ruled that appellant was entitled to twenty-four weeks of compensation at $43.00 per week for the injury to his arm, which was based on ten percent loss of an arm at the shoulder. Appellant does not now question this ruling. The commission also ruled that the loss of a kidney is equivalent to ten percent loss of the whole man and awarded appellant forty weeks of compensation at $43.00 per week. It is from this decision that appellant has appealed.

In 1971, the Workmen's Compensation Laws were extensively amended by the legislature. However, both under the pre 1971 laws (which are controlling in this case and will be relied upon in this opinion) and the post 1971 laws, the findings of the Industrial Commission as to the extent of disability are binding on this Court if supported by substantial, competent evidence, I.C. § 72–609(a); and supported also by at least some professional evidence, Bottoms v. Pioneer Irrigation District, 95 Idaho 487, 511 P.2d 304 (1973). Appellant claims that there is no competent evidence in the record supporting the finding made by the commission because the guides upon which the finding is based are inadmissible hearsay evidence and that the commission erred in admitting them into evidence.

Appellant argues that medical books or treatises, such as the guides, are not admissible in Idaho courts as substantive proof, that they can only be used for purposes of cross examination of expert medical witnesses. Cochran v. Gritman, 34 Idaho 654, 203 P. 289 (1921); Osborn v. Cary, 28 Idaho 89, 152 P. 473 (1915). And, according to appellant, the Industrial Commission

is governed by the same rules of evidence as are courts of law. In re Black, 58 Idaho 803, 80 P.2d 24 (1938).

■■ We need not decide whether medical books or treatises are admissible in Idaho courts as substantive proof, as respondent claims they are, because we do not feel that the Industrial Commission should be, or is, governed by the same rules of evidence as courts of law. The legislature, when it created the commission, intended that proceedings before it should be as summary, economical, and simple as the rules of equity would allow. I.C. § 72-601. As stated in Duggan v. Potlatch Forests, Inc., 92 Idaho 262, 263, 441 P.2d 172, 173 (1968):

"Proceedings under the Workmen's Compensation Law are designed to afford employees a speedy, summary, and simple remedy for the recovery of compensation for injuries sustained in industrial accidents and are not governed so strictly by evidentiary and procedural rules as applied in courts of law. I.C. § 72-601; Walker v. Hogue, 67 Idaho 484, 185 P.2d 708 (1947); Pierstorff v. Gray's Auto Shop, 58 Idaho 438, 74 P.2d 171 (1937); Feuling v. Farmers' Co-op. Ditch Co., 54 Idaho 326, 31 P.2d 683 (1934); Kelley v. Prouty, 54 Idaho 225, 30 P.2d 769 (1934). However, the procedure of the Board must be 'as far as possible in accordance with the rules of equity.' I.C. § 72-601."

By rules of equity, the statute means that although the proceeding must be as summary as possible, it must still be fair and do substantial justice to all parties involved. In re Bones, 48 Idaho 85, 280 P. 223 (1929); Pierstorff v. Gray's Auto Shop, 58 Idaho 438, 74 P.2d 171 (1937).

■■ In order to insure that the proceedings are kept simple, economical, and summary, the legislature established a procedure whereby claims could be heard by an administrative agency that possessed sufficient expertise to competently weigh the evidence and make a speedy, just determination. Walker v. Hogue, supra. If the

Industrial Commission was required to follow all of the rules of evidence and procedure found in courts of law, then to some extent at least, the intent of the legislature to provide for summary dispositions of claims would be frustrated and proceedings before the Commission would tend to become expensive and protracted affairs. The legislature therefore must have intended that the commission should have the discretionary power to consider any type of reliable, trustworthy evidence having probative value in the area of disability rating, even though that evidence may not be admissible in a court of law. So, in so much as In re Black, supra, may have stood for the principle that the Industrial Commission is governed by the same rules of evidence as are the courts of this state, we overrule that decision and conclude that in those areas in which the Industrial Commission possesses recognized expertise, it may in its discretion consider evidence not ordinarily admissible in a court of law.

■■ The guides in question were prepared by committees of experts in the field of disability compensation. None of those experts had any interest in the outcome of this case. The guides are recognized authority in the area of disability rating. They are, in short, trustworthy and reliable. Of course, it will still be necessary to introduce the evidence through witnesses who must be able to testify that they are recognized authority. By our decision today, we are not holding that the Industrial Commission can take notice of anything it desires. Only, that recognized treatises or works dealing with topics in which the commission possesses expertise may be admitted into evidence through witnesses to be used as substantive evidence.

Since the guides were properly admitted into evidence by the commission, there is substantial, competent evidence in the record supporting their determination that the loss of one kidney is equivalent to the loss of ten percent of the whole man and that decision is therefore affirmed. Costs to respondent.

SHEPARD, C. J., and McQUADE, J., concur.

McFADDEN, Justice (dissenting).

It is my conclusion that the Industrial Commission erred in the award entered in this proceeding and the proceeding should be reversed.

Briefly, the record reflects that there were two medical experts called by the parties. The claimant called Dr. C. E. Groom, a licensed physician who specialized in urology. He testified that the claimant had sustained a permanent partial disability, i. e. the total loss of function of claimant's right kidney, which according to the indemnity schedule of I.C. § 72–313 [1] in his opinion was equivalent to seventy-five per cent (75%) of the loss of one leg at the hip. This rating would have entitled the claimant to receive a total of 135 weeks of compensation. He also testified that he was familiar with a publication of the American Medical Association Journal, Guides to Evaluation of Permanent Impairment (1971), according to which the loss of one kidney is rated as equivalent to ten per cent (10%) loss of a whole man, which under the Idaho schedule for permanent partial disability would entitle claimant only to forty weeks of compensation. Dr. Groom further testified that he was aware of the discrepancy between the two ratings and that he disagreed with the rating contained in the Guides to Evaluation of Permanent Impairment in this regard.

Dr. Gerald Hecker testified on behalf of the respondents. He testified that he was a physician and also a specialist in urology. He frankly testified that he did not consider himself qualified to rate the degree of permanent disability of the claimant in this case, but that from his consultation of the Guides to Evaluation of Permanent Impairment (1971), he would rate appellant's disability for the loss of function of a kidney as equivalent to ten per cent of the whole man, which would entitle claimant to only forty weeks of compensation.

The majority opinion holds that the testimony of Dr. Hecker was competent, substantial evidence and sustains the board's award of forty weeks compensation to claimant for loss of function of his kidney. The majority opinion reaches this holding based on its conclusion that the Industrial Commission is not governed by the same rules of evidence as the courts. This conclusion is based on the assumption that the legislature in creating the commission intended the proceedings before it should be as summary, economical and simple as the rules of equity would allow. It is with this conclusion that I must part company with the majority opinion. The provisions of I.C. § 72–601 and the language used by this court in Duggan v. Potlatch Forests, Inc., 92 Idaho 262, 263, 441 P.2d 172 (1968), have reference solely to the procedural aspects (as opposed to the evidentiary rules) of the Industrial Commission. In Duggan v. Potlatch Forest, Inc., supra, the question before the court was simply whether the defendants had been afforded due process when their side of the controversy had not been heard by the Industrial Accident Board when it entered an order for temporary disability and for medical and hospital expenses without notice to the defendants during a continuance. There was no issue before the court in that case concerning the admissibility of evidence.

It is my conclusion that the legislature in stating "[p]rocess and procedure under this law shall be as summary and simple as reasonably may be and as far as possible in accordance with the rules of equity" (I.C. § 72–601, enacted S.L.1917, Ch. 81, § 48) solely had reference to procedural aspects of the workmen's compensation law. This identical language was employed by the legislature when it reenacted the workmen's compensation law in 1971. I.C. § 72–708 (S.L.1971, Ch. 124, § 3).

At the time of the adoption of the new workmen's compensation law in 1971, it is only fair to assume that the legislature was cognizant not only of the language of In

---

1. Unless otherwise specified, all references to the Idaho Code refer to the pre-1971 statutes.

re Black, 58 Idaho 803, 80 P.2d 24 (1938), which indicated that the Industrial Accident Board was bound by the same rules of evidence as the courts, but also that the legislature was knowledgeable of the controversy in other jurisdictions as to what rules of evidence should be applicable to such commissions. 3 Larson's Workmen's Compensation Law, § 79.00 et seq. The author of that work states: "more than half of the statutes provide that common-law and statutory rules of evidence shall not apply to compensation proceedings." 3 Larson's Workmen's Compensation Law, § 79.30, p. 171. Even those states which enacted such statutes and admitted evidence which would not be admissible in courts still required a "residuum" of evidence that would be considered competent by common-law standards. Carroll v. Knickerbocker Ice Co., 218 N.Y. 435, 113 N.E. 507 (1916); American Cas. Co. v. Wilson, 99 Ga.App. 219, 108 S.E.2d 137 (1959); Hackford v. Industrial Comm'n, 11 Utah 2d 312, 358 P.2d 899 (1961); 3 Larson's Workmen's Compensation Law, § 79.30, p. 172. See also, Annot: Workmen's Compensation: Use of Medical Books or Treatises as Independent Evidence, 17 A.L.R.3d 993 (1968).

Had the legislature intended any change in the law as to evidentiary standards to govern the Commission, certainly it would have spelled it out in the 1971 statute. It is my conclusion that the Industrial Commission erred in basing the award in this case on what was stated in "Guides to Evaluation of Permanent Impairment (1971)," to be the equivalent disability for the loss of function of a kidney.

By relying on this type of evidence, the Commission is in this case placing the claimant in a distinctly unfair position. He presented his expert witness who testified as to what he believed would be a fair evaluation of the claimant's permanent injury, and this witness was offered to the surety for full cross-examination. By the same token, cross-examination of the surety's witness expert was a completely futile

effort insofar as his rating of claimant's disability is concerned, for that witness's conclusion was based solely on the statement in the "Guides to Evaluation of Permanent Impairment." Claimant thus had no opportunity to cross-examine into the validity of the conclusions based thereon. See Davis v. Arkansas Best Freight System, 239 Ark. 632, 393 S.W.2d 237 (1965).

Notwithstanding that it is recognized that the commission itself had a copy of such Guides available for its perusal, this does not eliminate the necessity that awards by the commission shall be based on "substantial competent evidence." (I.C. § 72–609[a]).

The award of the Industrial Commission should be reversed and remanded with directions to enter findings of fact, conclusions of law and an award based on the unrefuted testimony of appellant's expert witness.

BAKES, Justice (dissenting):

I don't view with as much alarm as Justice McFadden the ruling of the majority which permits the introduction into evidence of the Guides to the Evaluation of Permanent Impairment of the American Medical Association, since those Guides might well have been admissible under I.C. § 9–402 and the authority of Julien v. Barker, 75 Idaho 413, 272 P.2d 718 (1954); In re Sutton, 83 Idaho 265, 361 P.2d 793 (1961); In Application of Boyer, 73 Idaho 152, 248 P.2d 540 (1952); Bell, Handbook of Evidence for Idaho Lawyers, 2d Ed., (1972), at p. 158. I do view with some alarm, however, the statement by the majority that reliable hearsay may be the basis of an award by the Industrial Commission, at least if the award is in favor of an employer-surety. We certainly don't have such a favorable rule for claimants.

The real issue before this Court is whether or not the respondent surety introduced sufficient "substantial, competent evidence" to overcome the *prima facie* case of the claimant who appeared, together with his medical witness, and submitted

substantial, competent evidence that the loss of his kidney in the industrial accident was the equivalent of 75% of the loss of one leg at the hip, thus entitling him to 135 weeks of compensation. In my opinion, the evidence offered by the respondent surety was not sufficient to overcome appellant's *prima facie* case.

It has been a rule of long standing in this jurisdiction that in workmen's compensation cases, the findings as to the cause, *extent* and origin of disability must be supported by at least some professional medical proof. Bottoms v. Pioneer Irrig. Dist., 95 Idaho 487, 511 P.2d 304 (1973); Johnson v. Boise Cascade, 93 Idaho 107, 456 P.2d 751 (1969); Comish v. J. R. Simplot Fertilizer, 86 Idaho 79, 383 P.2d 333 (1963). This rule is probably best exemplified by this Court's statement in Oliver v. Potlatch Forests, 73 Idaho 45, 245 P.2d 775 (1952), wherein the Court stated:

> "Where it requires expert, scientific and professional skill to determine the cause, origin and extent of a disability, proof thereof must be by skilled, professional witnesses. (Cases cited)." 73 Idaho at 49, 245 P.2d at 777.

The Guides did not purport to be a personal evaluation of claimant's condition nor were the standards contained in the Guides related to the individual health condition of claimant. This is not like the situation found in Johnson v. Boise Cascade, *supra*, wherein this Court held that a written report of an opinion rendered by a physician was substantial, competent evidence. Rather, this is a situation devoid of professional opinion.

Lacking "substantial, competent evidence" upon which a decision could be rendered in favor of respondent surety, the order of the Industrial Commission should be reversed with instructions to enter an order awarding compensation to the claimant based upon the only competent medical testimony in the record, i.e., the testimony of claimant's physician, Dr. C. E. Groom.

McFADDEN, J., concurs.