543 P.2d 1167

Chris H. CHRISTENSEN, Claimant-Appellant,

v.

CALICO CONSTRUCTION & DEVELOPMENT COMPANY, INC., et al., Defendants-Respondents.

No. 11882.

Supreme Court of Idaho.

Dec. 22, 1975.

Stephen W. Boller, Hailey, for claimant-appellant.

John W. Barrett, of Moffatt, Thomas, Barrett & Blanton, Boise, for defendants-respondents.

BAKES, Justice.

The claimant appellant has appealed from an order of the Industrial Commission which:

(1) found that he had been totally temporarily disabled by an industrial accident for a period of five weeks and six days and made a temporary total disability award for five weeks and six days based upon that finding;

(2) found that he had suffered a permanent partial disability equal to 20% of the impairment of the loss of a leg at the hip and made a permanent partial disability award based upon that degree of permanent partial disability; and

(3) ruled that neither the claimant's employer nor its surety was responsible for payment of certain medical expenses the claimant had later incurred.

The claimant has appealed, contending that both his total temporary disability award and his permanent partial disability award are inadequate and that his claim for the medical expenses in question should not have been denied.

■ The Industrial Commission's finding of the length of time of the claimant's temporary disability was based upon the report of the physician who had initially treated the claimant following his industrial accident. The Industrial Commission's finding of the claimant's permanent partial disability was based upon the report of a physician who had examined the claimant for the purpose of determining any permanent partial disability. The Commission's disability awards were based upon substantial evidence, and thus we must uphold them on appeal. Idaho Constitution, Art. 5, § 9; I.C. § 72-609; [1] *Bottoms v. Pi-*

---

[1]. This and all other references to the Idaho Code appearing in this opinion refer to the workmen's compensation statutes in effect at the time of the claimant's accident. The bulk of Title 72 of the Idaho Code, including all the sections mentioned in this opinion, was repealed by 1971 I.S.L., ch. 124. The session law provided that the repealed statutes "shall remain in effect as to injuries suffered and occupational diseases manifested prior to the effective date of this law [January 1, 1972]." Section 2, p. 424. Because this accident oc-

*oneer Irrigation Dist.,* 95 Idaho 487, 511 P.2d 304 (1973).

The claimant also argues that the Commission erred by denying his claim for medical expenses incurred when he sought treatment from doctors other than the doctor who had initially treated him. The doctor who initially treated him had done so at the employer's expense. The claimant became dissatisfied with this doctor, and sought other medical treatment from a doctor in Salt Lake City, and later in Montana, where he underwent back surgery. The claimant had neither requested the employer or its surety to provide this additional medical treatment, nor had he notified them of his intention or need to do so. He incurred the expenses without their knowledge or approval.

■ The Commission found that the employer and its surety had not refused or failed to provide the claimant with reasonable hospital and medical care as required by I.C. § 72–307.[2] While the claimant testified that he changed physicians because he didn't think the first doctor was "doing him any good," the Commission's finding that the employer and surety had not refused or failed to provide the claimant with reasonable hospital and medical care was supported by substantial though conflicting evidence and thus will not be set aside upon appeal. Idaho Constitution, Art. 5, § 9; I.C. § 72–609; *Bottoms v. Pioneer Irrigation Dist., supra.* This Court has previously held that an injured employee who is not receiving proper medical treatment from the physician provided by his employer may, when necessary, seek treatment from another physician at his employer's expense without notifying the employer. *Johnston v. A. C. White Lumber Co.,* 37 Idaho 617, 217 P. 979 (1923). However, if the employer has made adequate medical treatment available to the employee, but the employee nevertheless seeks medical treatment elsewhere without notifying the employer or surety, the employer or surety is not responsible for the cost of that treatment. Had the claimant notified the surety or employer that he intended to seek other medical treatment than that which was then being furnished to him, he would have satisfied the requirments of I.C. § 72–307. *Scott v. Aslett Construction Co.,* 92 Idaho 834, 452 P.2d 61 (1968) (McQuade, J., dissenting). The language in our earlier cases, such as *Scott v. Aslett Construction Co., supra; Lane v. General Telephone Co. of Northwest,* 85 Idaho 111, 376 P.2d 198 (1962); *Findley v. Flanigan,* 84 Idaho 473, 373 P.2d 551 (1962); *Totton v. Long Lake Lumber Co.,* 61 Idaho 74, 97 P.2d 596 (1939); requiring not only notice to the employer or surety, but in addition *consent* from them to obtain additional or different medical treatment, appears to be an unwarranted requirement not justified by the statute. However, because the claimant failed to notify his employer that he was seeking additional medical care, the employer and surety are not liable for those additional medical expenses.

Order affirmed. Costs to respondent.

McQUADE, C. J., and McFADDEN, DONALDSON and SHEPARD, JJ., concur.

---

curred on September 9, 1970, the former statutes, rather than those presently in force, govern this claim.

2. "72–307. MEDICAL ATTENDANCE.— The employer shall provide for an injured employee such reasonable medical, surgical or other attendance or treatment, nurse and hospital service, medicine, crutches and apparatus, as may be required or be requested by the employee immediately after an injury, and for a reasonable time thereafter. If the employer fails to provide the same, the injured employee may do so at the expense of the employer. . . ." The comparable provision of the workmen's compensation law is now I.C. § 72–432(1).