ZION'S CO-OP. MERCANTILE INSTITUTION et al. v.
INDUSTRIAL COMMISSION OF UTAH et al.

No. 4632.   Decided November 29, 1927.   (262 P. 99.)

*Young & Boyle,* of Salt Lake City, for plaintiffs.

*Harvey H. Cluff,* Atty. Gen., and *J. Robert Robinson,*
Asst. Atty. Gen., for defendants.

CHERRY, J.

This proceeding is to review an award of compensation made by the Industrial Commission to the dependents of Arthur Jorgensen, who died February 12, 1927, as the result of an alleged injury sustained while employed as a salesman by Zion's Co-operative Mercantile Institution, an employer subject to the Workmen's Compensation Act (Comp. Laws 1917, §§ 3061-3165), and insured by the Hartford Accident & Indemnity Company. The award was made upon findings that the deceased on December 11, 1926, in the course of his employment "was engaged in decorating show cases with crepe paper and while using pins in pinning the paper together he punctured the end of his right forefinger with a pin," and that as a result of the puncture his finger became infected and general septicemia set in, resulting in his death on February 12, 1927.

The plaintiffs, by this proceeding, seek to annul the award upon two grounds, viz.; (1) That there is no evidence, except hearsay, that the deceased sustained an injury by accident arising out of or in the course of his employment; (2) that the evidence is insufficient to support the finding that the death of deceased resulted from the accidental injury. It is necessary to consider and decide the first ground of complaint only.

There was competent evidence that the deceased sustained a slight injury to his finger on or about the date alleged and that the wound became infected, and for present purposes, though vigorously contested, it may be assumed that the infection spread to other parts of his body and finally caused his death.

The evidence of how and when and where the accident occurred consists solely of the testimony of several witnesses that the employee had made statements to them respectively that he had pricked his finger while at work for his employer. His wife testified that he

came home from his work about 7 o'clock p. m., and said that about 4 o'clock p. m. of the same day, while decorating a showcase with crepe paper, he pricked his finger with a pin. The foreman in charge of the employee testified that on Monday, the second day after the alleged injury, the employee came to him, and said: "That finger hurt me terrible. I could not sleep all night, from my injury of Saturday." That he asked him how it had occurred, and he said: "On a showcase—trimming a case."

Another witness testified that she was at the employee's home on Sunday, the day after the alleged accident, and heard the employee explain "how he was fixing showcases and pricked his finger."

The evidence of the accident was all hearsay. None of the statements testified to were made at such time or place or under such circumstances as to make proof of them competent as part of the res gestae. All were mere narratives of a past event, unconnected with event itself, with no element of spontaneity.

It has been repeatedly decided by this court that a material finding entirely based on hearsay or other incompetent evidence cannot be permitted to stand as the basis of an award. *Garfield Smelting Co.* v. *Industrial Commission,* 53 Utah 133, 178 P. 57; *Rockefeller* v. *Industrial Commission,* 58 Utah 124, 197 P. 1038; *Frederickson* v. *Industrial Commission,* 67 Utah.—, 249 P. 480.

For lack of substantial legal and competent evidence to support the essential and material finding of injury by accident arising out of or in the course of employment, the award cannot be sustained, but must be and is annulled.

THURMAN, C. J., and STRAUP, HANSEN, and GIDEON, JJ., concur.