358 P.2d 899

Oscar HACKFORD, Plaintiff,

v.

INDUSTRIAL COMMISSION of Utah,
Defendant.

No. 9330.

Supreme Court of Utah.

Jan. 26, 1961.

D. H. Oliver, Salt Lake City, for plaintiff.

Walter L. Budge, Atty. Gen., Gordon A. Madsen, Asst. Atty. Gen., David A. Robinson, Salt Lake City, for defendant.

CALLISTER, Justice.

Certiorari to review an order of the Industrial Commission denying plaintiff compensation for permanent total disability and awarding him compensation for a 15% permanent partial disability.

Plaintiff, while in the course of his employment with Deseret Livestock Company, suffered injuries when a wagon ran over him. A hearing was held by the Commission at which the only issue presented was the degree of permanent disability resulting from the accident, plaintiff contending that he was totally and permanently disabled.

After his hospitalization following the accident, the plaintiff was examined and treated by Dr. A. M. Okelberry who submitted two reports to the employer and the Commission. According to these reports, the plaintiff had suffered a fractured pelvis from the accident which had healed nicely; the x-rays did not indicate a fracture of the spine, but did show osteoarthritic changes involving the lower two lumbar joints and a little thinning of the interspace between the last lumbar vertebra and the sacrum; and that plaintiff's pain was due to these changes in the lumbosacral joint which were believed to consist of either osteoarthritic or disc degeneration. In his last report, Dr. Okelberry recommended a settlement on the basis of an estimated permanent partial disability at 15% loss of bodily function.

Subsequent to receiving the reports of Dr. Okelberry, the Commission, pursuant to 35–1–31, U.C.A.1953, appointed a medical panel consisting of three orthopedic surgeons. Plaintiff was examined by the panel and a report submitted to the Commission. The panel's report supported and corrobo-

rated the findings of Dr. Okelberry and concluded that plaintiff had 15% loss of body function as a result of the accident and injuries sustained.

Plaintiff filed written objections to the report of the medical panel and the hearing was held. Although present at the hearing, none of the members of the medical panel were examined, and plaintiff's attorney expressly rejected an offer to cross-examine them. Plaintiff produced medical and lay witnesses who testified on his behalf. These medical witnesses were unable to state positively that the plaintiff was permanently and totally disabled as a result of the accident. One of the medical witnesses, Dr. Stobbe, testified that he would take for granted the findings of Dr. Okelberry and of the medical panel as to plaintiff's condition at the time of the accident. He did testify, however, that plaintiff was not capable of physical work and that the accident could have aggravated the degenerative process existing in plaintiff's spine.

The Commission stated in its written decision that it accepted the reports of Dr. Okelberry, the panel report, and the testimony of Dr. Stobbe and determined that the plaintiff sustained an injury resulting in a permanent partial disability of 15% loss of bodily function.

▪ Plaintiff's contention that the Commission's award is not supported by the evidence is well taken. The Commission is not bound by technical rules of evidence [1] and it properly received into evidence the reports of Dr. Okelberry even though they are hearsay.[2] The panel report, and its use as evidence, is governed by statute.[3] Inasmuch as the plaintiff had filed his written objections to the report of the panel, the burden was upon the Commission or the employer to sustain it by testimony at the hearing. This was not done and plaintiff's failure to cross-examine members of the panel cannot be considered a waiver by him of this statutory requirement. Further-

---

1. 35-1-88, U.C.A.1953: "The commission shall not be bound by the usual common law or statutory rules of evidence * *."
2. Uta-Carbon Coal Co. v. Industrial Comm., 104 Utah 567, 140 P.2d 649.
3. 35-1-77, U.C.A.1953, as amended: "* * * If no objections [to the report of the panel] are so filed within such period, the report shall be deemed admitted in evidence and the commission may base its finding and decision on the report of the panel, but shall not be bound by such report if there is other substantial conflicting evidence in the case which supports a contrary finding by the commission. If objections to

such report are filed it shall be the duty of the commission to set the case for hearing within thirty days to determine the facts and issues involved, and at such hearing any party so desiring may request the commission to have the medical panel or any of its members present at the hearing for examination and cross-examination. *Upon such hearing the written report of the panel may be received as an exhibit but shall not be considered as evidence in the case except insofar as it is sustained by the testimony admitted * * *."* (Emphasis added.)

more, the panel's report was objected to by plaintiff at the hearing.

 Thus, we reach the conclusion that the Commission's award is based upon hearsay (Dr. Okelberry's reports) and an exhibit (panel report) which could not be considered as evidence. It is well established in this jurisdiction that, although the Commission may receive and consider any kind of evidence that may throw light on a pending claim, there must be a residuum of evidence, legal and competent in a court of law, to support an award, and a finding cannot be based wholly upon hearsay evidence.[4]

Plaintiff complains that he was denied due process because the chairman of the Commission acted as referee at the hearing without the written authority so to do. He cites in support of this proposition 35–1–31, U.C.A.1953.[5] It is apparent from its very language that this statute has no application to the hearing of compensation cases. This court has heretofore held that the Commission has the authority to appoint referees to conduct such hearings[6] and it is not unfair or a denial of due process, provided the evidence taken before the referee is considered by the Commission in making its ultimate decision.[7]

Award set aside.

WADE, C. J., and HENRIOD, McDONOUGH and CROCKETT, JJ., concur.

4. Ogden Iron Works v. Industrial Comm., 102 Utah 492, 132 P.2d 376; Zion's Co-op. Mercantile Institution v. Industrial Comm., 70 Utah 549, 262 P. 99.

5. 35–1–31, U.C.A.1953: "For the purpose of making any investigation with regard to any employment or place of employment the commission shall have power to appoint, by an order in writing, any member of the commission, or any other competent person who is a resident of the state, as an agent, whose duties shall be prescribed in such order * * *."

6. Utah Copper Co. v. Industrial Comm., 57 Utah 118, 193 P. 24, 13 A.L.R. 1367.

7. 18 A.L.R.2d 617.