**ALLEN AND ASSOCIATES, Plaintiff,**

v.

**BOARD OF REVIEW OF the INDUSTRIAL COMMISSION OF UTAH, DEPARTMENT OF EMPLOYMENT SECURITY, Defendant.**

No. 860318.

Supreme Court of Utah.

Jan. 20, 1987.

Steven C. Tycksen, Midvale, for plaintiff.

Linda Wheat Field, Salt Lake City, for defendant.

PER CURIAM:

Petitioner Allen and Associates Membership Development Company (hereafter "Allen") engages in the solicitation and development of memberships for the Salt Lake area chamber of commerce. Allen employs sales personnel who make direct contact with local Salt Lake businesses to solicit their memberships. These sales people are claimed by Allen to be "independent contractors" and not subject to unemployment insurance contributions under our Utah Employment Security Act, U.C.A., 1953, §§ 35–4–1, *et seq.* (1974 ed.) (as amended).[1]

The Utah Department of Employment Security determined that Allen's sales personnel were employees covered under the Employment Security Act and that Allen was subject to unemployment insurance reporting and contributions.[2] On administrative appeal, the decision was affirmed by an administrative law judge and by the Board of Review. Before this Court, Allen argues that it meets the "ABC" test of section 35–4–22(j)(5) that excludes its sales employees from unemployment coverage. Allen also claims that because its employees are outside salespersons who are paid commissions, they are excluded under section 35–4–22(r).[3]

Claiming that the decision of the Board of Review is unreasonable and irrational, Allen relies only upon its view of the evidence before the administrative tribunals and ignores contradictory evidence which supports the rulings below. We give maxi-

---

**1.** All statutory citations herein are to provisions of the Utah Employment Security Act, U.C.A., 1953, §§ 35–4–1, *et seq.* (1974 ed.) (as amended).

**2.** The Department's determination came after John James, a former Allen employee, provided his employment history to the Department in connection with an unemployment claim filed against a subsequent employer. No unemployment benefit claim was filed by an employee against Allen.

**3.** Section 35–4–22(r) provides: "Unless services would constitute employment at common law, the term 'employment' shall not include services as an outside salesman paid solely by way of commission, and such services must have been performed outside of all places of business of the enterprises for which such services are performed."

mum deference to the basic facts determined by the agency, which will be sustained if there is evidence of any substance that can reasonably be regarded as supporting the determination made.[4] Because we give such great deference to the Commission's findings of basic facts and find substantial evidence to support them, we disregard Allen's conflicting evidence to the contrary.[5]

Without an unnecessary recitation of the evidence, we consider it more than ample to support the Board's findings that services of Allen's sales employees were not all performed outside of Allen's business office and that Allen fails to meet the exception of section 35-4-22(r). Also, these employees were not shown to be engaged in independently established sales businesses.

**4.** *Utah Dep't of Admin. Servs. v. Public Serv. Comm'n,* 658 P.2d 601, 608–09 (Utah 1983); *Kennecott Copper Corp. Employees v. Department of Employment Sec.,* 13 Utah 2d 262, 372 P.2d 987 (1962).

**5.** *Williams v. Public Serv. Comm'n,* 29 Utah 2d 9, 504 P.2d 34 (1972); *cf.* 658 P.2d at 609.

**6.** Section 35-4-22(j)(5) provides, in part:
Services performed by an individual for wages or under any contract of hire, written or oral, express or implied, shall be deemed to be employment subject to this act unless and until it is shown to the satisfaction of the commission that:
. . . ;

Consequently, Allen fails to meet the requirement of subsection "C" of the "ABC" test in section 35-4-22(j)(5).[6] The decision of the Board of Review that Allen is subject to unemployment contributions and reporting is consistent with *Superior Cablevision Installers, Inc. v. Industrial Commission,* 688 P.2d 444, 448 (Utah 1984); *New Sleep, Inc. v. Department of Employment Security,* 703 P.2d 289, 290 (Utah 1985); and *Leach v. Board of Review,* 123 Utah 423, 260 P.2d 744 (1953). We affirm.

(C) Such individual is customarily engaged in an independently established trade, occupation, profession, or business of the same nature as that involved in the contract of service.
This section was amended in 1986 to delete subsection (B) of the "ABC" test and rename the above-quoted (C) as the new subsection (B). *See* U.C.A., 1953, § 35-4-22(j)(5) (Supp.1986) (as amended). Consequently, the former "ABC" test is now an "AB" test. Although our decision is based upon the "ABC" test prior to its amendment, the result here would not be different under the amended statute.