**Ida Joyce WILSON, Plaintiff,**

v.

**The INDUSTRIAL COMMISSION OF UTAH, State Insurance Fund, and the Second Injury Fund, Defendants.**

**No. 860160–CA.**

Utah Court of Appeals.

April 15, 1987.

Larrie A. Carmichael, Roy, for plaintiff.

Ida Joyce Wilson, pro se.

James R. Black, Black & Moore, Salt Lake City, for State Ins. Fund.

Erie V. Boorman, Adm'r, Second Injury Fund, Indus. Com'n of Utah, Salt Lake City.

Before DAVIDSON, ORME and GARFF, JJ.

OPINION

DAVIDSON, Judge:

Plaintiff Ida Joyce Wilson appeals from an Industrial Commission denial of her Motion for Review of an administrative Order dismissing her claim for compensation for an industrial injury. We affirm.

In September of 1984, plaintiff was employed as a cook for the Utah State School for the Deaf and Blind (School). On September 7, 1984, the School held a cookout for its staff and faculty. Mrs. Wilson and a co-worker Mrs. Dalpias, together with their supervisor Mr. Cobb, drove to Mrs. Dalpias' home to pick up a portable grill for use at the cookout. Mr. Cobb wheeled the grill to the curb prior to loading it onto the bed of the transporting truck. Mrs. Wilson testified that she helped Mr. Cobb lift the grill onto the truck. Mr. Cobb and Mrs. Dalpias testified through written statements that Mr. Cobb alone did the lifting and the two ladies steadied the grill

from their positions on either side. Mrs. Wilson stated she injured her back during the lifting but did not complain of any problem to her two companions other than to comment on the heaviness of the load. Plaintiff sought medical attention on September 20, 1984, because of problems with her legs but did not claim an industrial injury until December 4, 1984. Problems with her back became so severe she began taking accrued sick leave on November 28, 1984. She never returned to her employment with the School. On December 19, 1984, plaintiff telephoned Mr. Cobb and reported that she believed her back injury stemmed from lifting the grill on the day of the cookout. This was the first notification of a potential claim to her employer.

Medical documentation reveals Mrs. Wilson was treated for low back pain in 1978 and 1982. Both occurrences were prior to Mrs. Wilson's employment with the School. When questioned by her chiropractor during consultation on September 20, 1984, Mrs. Wilson reported she had been in an automobile accident 17½ years previously and that her problem might have been caused by heavy lifting nine years earlier. Plaintiff left blank that portion of the chiropractor's Application for Treatment requesting information about the injury if it had been caused by an accident.

Mrs. Wilson's claim for benefits was heard before an administrative law judge on June 13, 1985. The Findings of Fact did not deny that plaintiff suffered from low back problems but found that such problems were not related to an incident occurring during the course and scope of her employment with the School. The Order dismissing plaintiff's claim was entered on September 17, 1985. Plaintiff's attorney filed a Motion for Review with the Industrial Commission. That Motion was denied and the Order was affirmed. Plaintiff subsequently filed a Petition for Writ of Review.

■ Plaintiff asserts that the administrative law judge should not have considered the written statements of Mrs. Dalpias and Mr. Cobb because they were un-supported by oral testimony made at the hearing. This assertion is incorrect.

The record reveals that plaintiff's attorney stipulated to the admission of Mrs. Dalpias' written statement. To facilitate his questioning of plaintiff, it was that attorney who suggested the statement be admitted. The Court will not now hear objections to the admission and use of that statement.

■ Mr. Cobb's written statement is also admissible even though the administrative law judge could have made Findings of Fact without it. Concerning the admissibility of hearsay evidence before administrative agencies, the Utah Supreme Court wrote:

> This Court has long recognized that there are significant differences between court trials and proceedings before administrative agencies and that the technical rules of evidence need not be applied before the latter. Hearsay evidence is admissible in proceedings before administrative agencies. However, findings of fact cannot be based exclusively on hearsay evidence. They must be supported by a residuum of legal evidence competent in a court of law.

*Yacht Club v. Utah Liquor Control Com'n*, 681 P.2d 1224, 1226 (Utah 1984). See also *Sandy State Bank v. Brimhall*, 636 P.2d 481 (Utah 1981); *Schmidt v. Industrial Comm.*, 617 P.2d 693 (Utah 1980).

■ The record indicates that the Findings of Fact were not based exclusively on Mr. Cobb's statement. Absent that statement there was sufficient competent evidence to contradict the plaintiff's contentions. The reports of the several medical professionals are replete with references to earlier back problems and treatment as early as 1978, some six years prior to the incident involving the portable grill. The properly admitted statement of Mrs. Dalpias sufficiently supports the finding that plaintiff did not lift the grill in the manner she contends.

There is no dispute that if the facts are as found by the administrative law judge and affirmed by the Industrial Commission, plaintiff is entitled to no recovery. In

*Utah Dept. of Admin. Serv. v. Pub. Serv. Com'n,* 658 P.2d 601, 609 (Utah 1983), the Utah Supreme Court wrote:

Thus, in *Williams v. Public Service Commission,* 29 Utah 2d 9, 13, 504 P.2d 34, 37 (1972), we held that Commission findings of fact will be upset by this Court only where they are *"so without foundation in fact"* that they "must be deemed capricious and arbitrary" (emphasis supplied).

Recently, that Court reaffirmed this position stating, "[w]e give maximum deference to the basic facts determined by the agency, which will be sustained if there is evidence of any substance that can reasonably be regarded as supporting the determination made." *Allen & Assoc. v. Bd. of Rev., Indus. Com'n,* 732 P.2d 508 (Utah 1987). It is not necessary to belabor this issue in light of the evidence reflected in the record.

We find the arguments on appeal to be without merit, and the denial of plaintiff's Motion for Review by the Industrial Commission is affirmed.

ORME and GARFF, JJ., concur.