Greg L. WILLIAMS, Plaintiff
and Appellant,

v.

Fred C. SCHWENDIMAN, and the,
Office of Driver License Services,
Defendants and Respondents.

No. 860053-CA.

Court of Appeals of Utah.

Aug. 11, 1987.

---

J. Franklin Allred, P.C., Salt Lake City, for plaintiff and appellant.

David L. Wilkinson, Atty. Gen., Bruce M. Hale, Asst. Atty. Gen., for defendants and respondents.

Before GREENWOOD, GARFF and BENCH, JJ.

## OPINION

GREENWOOD, Judge:

Greg L. Williams appeals a district court order affirming the suspension of his license. We reverse and remand.

At 3:25 a.m. on March 10, 1984, Mr. Williams was arrested for driving under the influence of alcohol in violation of Utah Code Ann. § 41-6-44 (1983). The arresting officer's DUI Report stated that he found appellant sleeping behind the steering wheel of his car with the engine running. The report also stated that appellant had some difficulty performing the field sobriety tests. Appellant was taken to the Sandy City Police Department where he was administered the intoxilyzer test. The results of the test indicated a .16% blood alcohol content. The arresting officer seized appellant's driver's license, issued him a 30-day temporary permit and advised him that the Department of Driver License Services would suspend his license in 30 days. Pursuant to appellant's request, a hearing was held on April 4, 1984. At the hearing the hearing examiner admitted into evidence a DUI summons and citation, a DUI Report, an intoxilyzer test record and a letter from appellant requesting a hearing. The arresting officer testified that: 1) the contents of the DUI Report were true and correct; 2) he administered the intoxilyzer test and gave appellant the .08% admonition; 3) he went through a checklist prior to giving the test; 4) there was no problem with the machine; and 5) he was certified to operate the intoxilyzer. No evidence was submitted that the calibration and testing for accuracy of the intoxilyzer were performed in accordance with the standards established by the Commissioner of Public Safety.

Appellant, who was unrepresented by counsel, also testified at the hearing. He declined cross examination of the officer

but responded affirmatively when the hearing examiner asked if "it happened as the report said." Appellant admitted he had been drinking but neither affirmed nor denied that he was driving under the influence of alcohol rendering him incapable of driving. The hearing examiner suspended his license for three months. On appeal, the district court held that: 1) there was a residuum of competent evidence to support suspending appellant's license; and 2) the statute is constitutional. Appellant's license was reinstated pending this appeal.

Appellant claims that the district court erred in finding the hearing examiner's decision to suspend his license was supported by a residuum of competent evidence.

■ The Utah Supreme Court has held that findings in administrative proceedings can be based on hearsay but not exclusively on hearsay. *Yacht Club v. Utah Liquor Control Comm'n,* 681 P.2d 1224, 1226 (Utah 1984). The findings must be based on a residuum of legal evidence competent in a court of law. *Id.* at 1226. Further, this Court has held that the residuum rule applies to per se license suspension hearings. *Kehl v. Schwendiman,* 735 P.2d 413, 415 (Utah App.1987). Therefore, we must determine whether the hearing examiner's decision to suspend appellant's license was based on a residuum of legal evidence competent in a court of law.

At the time appellant was arrested, Utah Code Ann. § 41–6–44 (1983) required the hearing examiner to find: 1) either blood alcohol content of .08% or greater or that the driver was under the influence of alcohol or any drug or the combined influence of alcohol and any drug to a degree which renders the person incapable of safely driving a vehicle; and 2) actual physical control of a motor vehicle. Utah Code Ann. § 41–6–44.3 (1983) sets forth the foundation requirements for blood alcohol tests as follows:

(1) The commissioner of public safety shall establish standards for the administration and interpretation of chemical analysis of a person's breath including standards of training.

(2) In any action or proceeding in which it is material to prove that a person was driving or in actual physical control of a vehicle while under the influence of alcohol or driving with a blood alcohol content statutorily prohibited, documents offered as memoranda or records of acts, conditions or events to prove that the analysis was made and the instrument used was accurate, according to standards established in subsection (1) shall be admissible if:

(a) The judge finds that they were made in the regular course of the investigation at or about the time of the act, condition or event; and

(b) The source of information from which made and the method and circumstances of their preparation were such as to indicate their trustworthiness.

(3) If the judge finds that the standards established under subsection (1) and the conditions of subsection (2) have been met, there is a presumption that the test results are valid and further foundation for introduction of the evidence is unnecessary.

The Utah Supreme Court interpreted that statute in *Murray City v. Hall,* 663 P.2d 1314 (Utah 1983). The Court stated that the enactment of the statute evinces a legislative intent to relieve "governmental entities of the financial burden of calling as a witness in every DUI case the public officer responsible for testing the accuracy of the breathalyzer equipment." *Id.* at 1320. Further, the Court noted that the accuracy of the breathalyzer tests depends on the proper functioning of the machine and the proper compounding of chemicals in the ampoules. The Court concluded that in place of the officer's testimony, affidavits may be submitted regarding maintenance of a specific breathalyzer as admissible evidence of the proper functioning of the machine. Specifically, the Court stated

[P]rior to the acceptance of those affidavits to establish a presumption of the validity of the test results, § 41–6–44.3 requires an affirmative finding by the trial court that (1) the calibration and testing for accuracy of the breathalyzer and the ampoules were performed in ac-

cordance with the standards established by the Commissioner of Public Safety, (2) the affidavits were prepared in the regular course of the public officer's duties, (3) that they were prepared contemporaneously with the act, condition or event, and (4) the "source of information from which made and the method and circumstances of their preparation were such as to indicate their trustworthiness." The record is devoid of any such findings. (footnote omitted). In fact, the agreed statement of the facts states that "[n]o testimony was elicited with respect to the accuracy of the machine or the trustworthiness of the chemicals used." Moreover, the affidavits proffered as evidence in satisfaction of the requirements of § 41–6–44.3 are inadmissible because they show on their face that the affiants do not attest from their own personal knowledge.

*Id.* at 1320.

In *Kehl* this Court further held that proof of proper maintenance of a breathalyzer machine and competence of the person administering the test were prerequisites for admission of test results. *Kehl,* 735 P.2d at 416.

In this case the officer's testimony did not include statements regarding the calibration or maintenance of the intoxilyzer. Nor were there any affidavits submitted regarding that issue. Therefore, there is no indication that the intoxilyzer test was performed in accordance with the standards established by the Commissioner of Public Safety. The arresting officer's statement that there was "no problem" with the equipment is insufficient. In conformance with *Kehl,* references to the intoxilyzer test in the DUI Report were inadmissible and should have been stricken.

The hearing examiner's decision to suspend appellant's license was not based on a residuum of evidence competent in a court of law. Neither the public records exception to the hearsay rule contained in Utah R.Evid. 803(8) nor the trustworthiness exception in part C of that rule apply. *Kehl,* 735 P.2d at 416. The "sources of information or other circumstances indicate lack of trustworthiness." Utah R.Evid. 803(8)(C). The record is void of any evidence that the intoxilyzer was properly tested and performed according to standards set by the Commissioner of Public Safety. In addition, no evidence was presented which would sustain a finding that appellant was under the influence of alcohol to a degree which rendered him incapable of safely driving a vehicle.

Therefore, because the intoxilyzer results were inadmissible and a residuum of evidence competent in a court of law was not present to sustain the suspension, the trial court's order affirming the suspension was erroneous.

Because we reverse this case on other grounds, we do not reach the constitutional issues raised by appellant.

Reversed and remanded.

GARFF and BENCH, JJ., concur.