**Douglas MAYES, Plaintiff,**

**v.**

**DEPARTMENT OF EMPLOYMENT SECURITY, Defendant.**

No. 870306–CA.

Court of Appeals of Utah.

May 19, 1988.

Robert L. Lord, Salt Lake City, for plaintiff.

K. Allan Zabel, Dept. of Employment Sec., Alan Hennebold (argued), Asst. Atty. Gen., Salt Lake City, for defendant.

Before BENCH, GARFF and ORME, JJ.

## OPINION

BENCH, Judge:

Plaintiff Douglas Mayes appeals a decision of the Board of Review of the Industrial Commission (Board) which determined plaintiff had knowingly withheld material information in order to obtain unemployment benefits to which he was not entitled. We reverse the Board's decision and remand for further proceedings consistent with this opinion.

On plaintiff's first weekly claim form for unemployment benefits filed with the Department of Employment Security (Department), he indicated he had worked part of that week for his former employer, Rich Photo, and had earned $69. He did not include information that he had also worked for Roche Biomedical (Roche) that week and earned $112. For the weeks ending April 13 through August 10, 1985, plaintiff allegedly worked for Roche while also drawing unemployment benefits. He did not report earnings from Roche on any of the claim forms he filed with the Department.

On June 4, 1986, following an informal hearing on the matter, the Department ruled plaintiff had knowingly withheld material information from the Department in order to obtain benefits. Plaintiff was ordered to repay the Department the sum of $3,434 and was held ineligible for benefits for an additional 49 weeks. Utah Code Ann. § 35–4–5(e) (1987).

Plaintiff appealed the Department's decision. The appeal referee affirmed the earlier determination and the application of penalties provided by section 35–4–5(e). Plaintiff pursued an administrative appeal to the Board, which affirmed the referee's decision. Plaintiff thereupon petitioned for a writ of review with this Court, contending the Board erred on evidentiary rulings and that the evidence was insufficient to support the decision.

Our standard of review is set forth in Utah Code Ann. § 35–4–10(i) (1987), which states, in part: "In any judicial proceeding under this section, the find-

ings of the commission and the board of review as to the facts if supported by evidence, are conclusive and the jurisdiction of the court is confined to question[s] of law." This provision is interpreted to mean the greatest degree of deference will be extended to the Commission's findings on questions of basic fact and are to be sustained if supported by evidence of any substance whatever. *Jim Whetton Buick v. Department of Employment Sec.*, 752 P.2d 358 (Utah App.1988). Regarding the interpretation of operative provisions of the Employment Security Act, we give "the construction of statutes by governmental agencies charged with their administration ... considerable weight...." *McPhie v. Industrial Comm'n*, 567 P.2d 153, 155 (Utah 1977). Decisions of the Department based on interpretive and implementing rules will be reversed only if shown to be inconsistent with the governing legislation or the decisions of the court. *West Jordan v. Department of Employment Sec.*, 656 P.2d 411, 412 (Utah 1982).

■ When plaintiff first filed his claim for unemployment insurance benefits, he received a booklet from the Department which explained that claimants should fully answer all questions on the weekly claim form and indicate all work hours and the total amount of earnings for each week. Plaintiff also attended an orientation session where he and other claimants were advised that they would remain eligible for benefits while working on a part-time basis. They were told that income from part-time work would reduce their unemployment benefits but that they would remain eligible for benefits for a longer period of time. Plaintiff claims he understood the oral instructions given during the orientation meeting to mean that he had the option of reporting or not reporting part-time work and earnings. He attributed his failure to report work and earnings to his belief that he could elect not to report such information. He contends that this opinion was formed on the basis of information provided by a Department representative during the orientation session which he and others attended in April 1985. Plaintiff sought to compel the Department to provide him with names, telephone numbers and addresses of all other individuals who had filed initial claims for benefits in Salt Lake City on the same day.

The Board disallowed discovery regarding the names and addresses of other claimants. Utah Admin. Code R475–6c–10(2)(b) (1987–88) states: "Any party to an appeal will be given an adequate opportunity to be heard and present any pertinent evidence of probative value...." The Board concluded the testimony of other claimants as to their interpretation of the information provided at the orientation session would be duplicative of plaintiff's own testimony as to his understanding. The authority to allow or exclude questionable evidence is confined to the sound discretion of the hearing officer. Utah Admin. Code R475–6c–10(2)(c) (1987–88). In addition, release of the information without written waiver by claimants conceivably might violate the rights of those individuals to confidentiality, protected by Utah Code Ann. § 35–4–11(g) (1987) and Utah Admin. Code R475–11g–4 (1987–88). On the facts of this case, we find no abuse of discretion in the Board's decision not to allow the discovery requested.

■ Plaintiff next argues the Board erred in admitting into evidence microfilmed copies of his claim cards. He argues the claim cards must be proved pursuant to Utah Code Ann. § 78–25–9 (1987) prior to their admission. Section 78–25–9 indicates a writing may be proved by one who saw the writing executed, by evidence of the genuineness of the maker's handwriting, or by a subscribing witness. In the instant case, plaintiff testified the signature was his, the information was correct, and the forms seemed to be executed about the time he filed for unemployment benefits. In any event, R475–6c–10(2)(b) provides:

Oral or written evidence of any nature, whether or not conforming to the legal rules of evidence, may be accepted and will be given its proper weight.... Any official records of the Department, including reports submitted in connection

with the administration of the Employment Security Act may be included in the record.

The microfilmed claim cards executed by plaintiff are clearly admissible Department records. We therefore find no abuse of the Board's discretion in admitting them into evidence.

Plaintiff last argues the statement of earnings from Roche, although admissible hearsay evidence, is insufficient to support the Board's findings. The statement of earnings, submitted at the Department's request on a Department form, is an unsworn written statement prepared by an unidentified Roche employee indicating the hours and wages plaintiff allegedly worked and received. The statement of earnings is hearsay under Utah R.Evid. 801(c). Hearsay evidence is clearly admissible in administrative proceedings. *Wilson v. Industrial Comm'n*, 735 P.2d 403 (Utah App.1987).

■ Under the residuum rule, "findings of fact cannot be based *exclusively* on hearsay evidence. They must be supported by a residuum of legal evidence competent in a court of law." *Yacht Club v. Utah Liquor Control Comm'n*, 681 P.2d 1224, 1226 (Utah 1984). Legal commentators agree the residuum rule is on the decline in most states.[1] However, this Court has reaffirmed Utah's position that the residuum rule applies to administrative proceedings. *Williams v. Schwendiman*, 740 P.2d 1354 (Utah App.1987).

■ In the instant case, the statement of earnings is the only evidence which supports the Board's finding plaintiff worked at Roche while receiving unemployment benefits. Absent a proper foundation, the statement of earnings does not fall under any of the hearsay exceptions in Utah R.Evid. 803. *See, e.g., Williams,* 740 P.2d at 1357; *Kehl v. Schwendiman*, 735 P.2d 413, 416–17 (Utah App.1987). The Board's finding is therefore not supported by a residuum of legal evidence.

In admitting the statement of earnings, the Board relied on the Industrial Commission's version of the residuum rule, codified in R475–6c–10(2)(b): "[N]o finding of fact will be based solely on contested hearsay." The Board concluded since the statement of earnings was not contested, it was not only admissible but also provided sufficient foundation for the finding plaintiff had worked for Roche and that he must repay benefits since he had been ineligible to receive them in the first instance. The additional element of "contested" is contrary to the definition of the residuum rule under Utah case law. As the residuum rule remains applicable in Utah administrative proceedings, there must be legal evidence to support the admissible hearsay statement of earnings.

The Board's decision is reversed and the matter is remanded for further proceedings consistent with this opinion.

GARFF and ORME, JJ., concur.

---

1. Under the residuum rule, an administrative agency must deal with inconsistent standards in admitting evidence and making findings. While the agency applies a broad, flexible standard in admitting evidence, the agency is then strapped with a limited, rigorous standard in selecting evidence to support its findings. In many respects, a court of law treats hearsay evidence with greater respect than does an administrative agency. For example, a court of law may base findings on unobjected hearsay; an agency cannot. The residuum rule also precludes the agency from effectively using probative and reliable hearsay evidence. *See* K.C. Davis, *Administrative Law Treatise* § 16.6 (1980).