DEPARTMENT OF the AIR FORCE, Petitioner,

v.

DEPARTMENT OF EMPLOYMENT SECURITY, and William R. Comer, Respondents.

No. 890115–CA.

Court of Appeals of Utah.

Jan. 2, 1990.

Dee V. Benson, Robert H. Wilde, Clare A. Jones, Midvale, for petitioner.

K. Allan Zabel, Lorin R. Blauer, Salt Lake City, for respondent Dept. of Employment Sec.

Before GARFF, GREENWOOD and ORME, JJ.

GREENWOOD, Judge:

The Department of Air Force (Air Force) appeals a decision from the Board of Review (Board) of the Industrial Commission awarding William R. Comer (Comer) unemployment benefits. We affirm.

Comer worked for Hill Air Force Base from December 1, 1980 to August 16, 1988. Comer's position as a boiler plant equipment mechanic at the Utah Test and Training Range required a security clearance. In February 1988, Mr. Stuffelbaum, a co-worker of Comer, allegedly reported to his superiors that Comer had invited him to use cocaine on the job. Stuffelbaum also allegedly had seen Comer use cocaine on the job. As a result of Stuffelbaum's allegations, the Office of Special Investigations (OSI) investigated Comer. Comer was deprived of his limited access badge and required to be escorted into controlled areas to perform his job responsibilities. Comer was not then, however, told of the reason for the changes, nor of Stufflebaum's accusations. In the subsequent hearing before an appeals referee, Comer denied Stuffelbaum's accusations and testified that he had never possessed, used, or distributed any controlled substance or illegal drug while on a military facility. Stuffelbaum did not testify at the hearing. The OSI report dated August 16, 1988, stated that Comer admitted to investigators that he used cocaine and sold it to some friends. At the hearing, Comer testified he did not remember making that admission.

On August 16, 1988, Comer, while still under investigation by the OSI, was arrested while working at the Utah Test and Training Range and charged with unlawful distribution of a controlled substance. Prior to that date, on August 8, 1988, Comer had sold two grams of cocaine during off duty hours, off base to Roland Boren, a former co-worker, who had been terminated by Air Force in approximately February 1988. Comer served one day in jail and was then released on bail. When he reported to work the following day, he was barred from reentering the military installation pending an investigation of the incident. On August 21, 1988, Comer received a Notice of Proposed Removal from Air Force "for the offense of off duty misconduct of such major import that the employee is unable to fulfill his job responsibilities." On September 1, 1988, Comer received a Decision to Remove letter from

Air Force that terminated his employment "to promote the efficiency of the service." Comer entered a guilty plea on September 19, 1988, to a third degree felony charge of attempting to unlawfully distribute a controlled substance.

Comer applied for unemployment benefits on September 5, 1988. The Utah Department of Employment Security determined that Comer was ineligible to receive benefits because he had been discharged for just cause. Comer appealed and a hearing was held before an appeals referee. Air Force was not represented by counsel at the hearing, but by Air Force employees with responsibility for personnel matters. The appeals referee reversed the decision and allowed unemployment benefits to Comer on the ground that he was not discharged for just cause. On January 17, 1989, the Board affirmed the appeals referee's decision.

Air Force brought this appeal, raising the same issues as in *Department of the Air Force v. Department of Employment Security*, 786 P.2d 1361, 1362–1363 (Utah Ct.App.1990) (the Butler case): (1) Did the Board err in determining that Comer was eligible for unemployment benefits? and (2) Does the Board's determination undermine the purpose of the Employment Security Act and the Act's regulations?

## INELIGIBILITY FOR UNEMPLOYMENT BENEFITS

As in the Butler case, we find that based on the information before it, the Board's determination that Comer's conduct did not rise to the degree of culpability necessary to show just cause for his discharge under Utah Code Ann. § 35–4–5(b)(1) (1988), does not exceed the bounds of rationality and reasonableness. Like Butler, Comer's conduct was clearly egregious, but Air Force, as in the Butler case, failed to meet its burden and establish how Comer's actions adversely affected its rights as an employer.

 For reasons we outlined in the Butler case, Air Force's reliance on the 1986 Executive Order and the 1988 National Narcotics Leadership Act to show its interest in dissuading its work force from selling drugs off base to non Air Force employees is to no avail, as those documents were not introduced into evidence and the 1988 Act was not enacted until after the facts in this matter arose. There was no evidence presented to the Board to demonstrate that Comer's acts brought any public notoriety or dishonor to Air Force or damaged efficiency or employee morale. Nor was there any evidence that Comer was discharged to avoid potential harm to Air Force from his selling cocaine off base. Because a letter from the Base Commander to all Hill Air Force employees that Air Force claims shows its interest in any drug involvement by its employees, was not presented as evidence at Comer's hearing, the Board correctly did not consider it. *See Grace Drilling v. Board of Review*, 776 P.2d 63, 70 (Utah Ct.App.1989) (fairness in unemployment compensation adjudications requires a party to see adverse evidence and have an opportunity to rebut such evidence).

 For reasons we outlined in the Butler case, we also find Air Force's argument meritless that Comer's loss of security clearance disqualifies him for benefits. Additionally, Air Force's contention that Comer's discharge was for just cause because his industrial due process rights were preserved before the Merit System Protection Board, is also meritless. Preservation of Comer's due process rights by the Merit System Protection Board has no bearing on his eligibility for unemployment compensation.

Further, as in the Butler case, Air Force fails to show a connection between Comer's conduct and his work duties or Air Force's business. Consequently, we find that his conduct was not willful and wanton nor was he discharged for dishonesty constituting a crime under section 35–4–5(b)(1)–(2). We agree with the Board that Air Force

might have established a connection with its legitimate business interests by proving Comer offered illegal drugs to other employees at work. However, Stuffelbaum's allegations, submitted in the form of a hearsay statement by Air Force's representative, is insufficient in light of Comer's categorical denial under oath of Stuffelbaum's allegations and the requirement that findings in administrative proceedings must be based on a residuum of legal evidence admissible in a court of law. *Yacht Club v. Utah Liquor Control Comm'n,* 681 P.2d 1224, 1226 (Utah 1984); *Williams v. Schwendiman,* 740 P.2d 1354, 1356 (Utah Ct.App.1987).

### UNDERMINING PURPOSE OF UNEMPLOYMENT ACT

Finally, based on our reasoning in the Butler case, we do not find that the Board's decision undermines the purpose of the Unemployment Security Act and its rules and regulations.

Affirmed.

GARFF and ORME, JJ., concur.