**INDUSTRIAL POWER CONTRACTORS,**
Petitioner,

v.

**INDUSTRIAL COMMISSION OF UTAH,**
and Wanona Johnson, Respondents.

No. 910354–CA.

Court of Appeals of Utah.

May 19, 1992.

J. Angus Edwards (argued), Purser, Okazaki & Barrett, Salt Lake City, for petitioner.

James C. Haskins (argued), Haskins & Associates, Murray, for respondent, Johnson.

Utah Indus. Com'n, Benjamin A. Sims, Gen. Counsel, Salt Lake City, for Industrial Com'n of Utah.

Before BENCH, P.J., and BILLINGS and RUSSON, JJ.

## OPINION

BENCH, Presiding Judge:

Industrial Power Contractors (IPC) appeals from an order of the Industrial Commission of Utah (Commission) awarding dependents' benefits to Wanona Johnson. We affirm.

## FACTS

In this original proceeding, we recite the facts as found by the Commission. On September 17, 1988, Hyrum Royden Johnson left Utah to begin employment with IPC as a boilermaker. IPC had contracted to repair, rebuild, and maintain boilers, hoppers, and precipitators at the Simpson Kraft pulp and paper processing mill in Tacoma, Washington. The machinery being repaired was cleaned with an acid solution that emitted caustic fumes. As a supervisor, Johnson was also responsible for his crew's health and safety, and ordered face masks as a protective measure against the fumes.

On September 21, 1988, before the masks had arrived, two members of Johnson's crew were working in a hopper. When one of the workers emerged with burns on his face, Johnson feared for the safety of the other worker. Johnson attempted a rescue by twice trying to enter the hopper. Although the other worker was able to exit safely, when Johnson left the hopper he began to cough and suffer chest pains. Johnson was taken to a hospital where he was diagnosed as having suffered an acute myocardial infarction. The machinery was later "red tagged" by the Washington State Health Agency as unsafe. Johnson was unable to work after the incident and returned to Utah. He applied for permanent disability compensation and received further medical treatment in Utah, but died of a cardiac arrest eleven months later.

Wanona Johnson brought a claim against IPC for dependents' benefits. The issue before the Commission was whether Johnson's death was a result of an industrial accident. IPC denied liability, claiming that Johnson suffered from a pre-existing condition. In support of its contention, IPC produced an accident report and Johnson's medical records from Washington. The emergency room records indicated that Johnson had complained of chest pains the morning of the incident and that he said the pains had been persistent for the three or four days before. The records also stated that Johnson had told treating physicians that he felt similar pain within the three months immediately preceding.[1] Details of the context in which the injury occurred, as stated in the Washington State Fund Accident Report, are brief, but indicate that Johnson suffered a "massive heart attack" in connection with "climbing stairs to check work areas." However, none of the Washington records mentioned fumes.

Johnson's medical records in Utah linked his coughing and the heart attack with the fumes. They stated that Johnson's "exposure to caustic vapors may have caused coronary vasospasm which occluded a previously atherosclerotic vessel." The records also indicated that the existence of a heart condition was not known prior to the incident. Corroborative testimony on this point was offered by Wanona Johnson and her brother. The Commission determined that the opinions of the various medical doctors consulted, especially the independent examiner, supported a finding of a direct causal connection between Johnson's exposure to the toxic fumes and the heart condition. Accordingly, the Commission awarded Wanona Johnson benefits.

On appeal, IPC argues that Wanona Johnson failed to prove a causal connection between exposure to toxic fumes and Johnson's myocardial infarction. In challenging the Commission's ruling, IPC claims that the Commission's factual findings as to what occurred were not supported by a residuum of legally competent, non-hearsay evidence.

## RESIDUUM RULE

Hearsay evidence is admissible in an administrative hearing before the Commission because the Commission is not bound by the technical rules of evidence.[2]

---

1. Johnson's records from a follow-up cardiac examination in Washington also indicate that he complained of a cough and congestion along with the chest pains.

2. Utah Code Ann. § 35–1–88 (1988) provides:

> Neither the commission nor its hearing examiner shall be bound by the usual common-law or statutory rules of evidence, or by any technical or formal rules of procedure, other

*See Wilson v. Industrial Comm'n,* 735 P.2d 403, 404 (Utah App.1987). The Commission's findings of fact, however, "cannot be based *exclusively* on hearsay evidence." *Yacht Club v. Utah Liquor Control Comm'n,* 681 P.2d 1224, 1226 (Utah 1984). "There must be a residuum of evidence, legal and competent in a court of law, to support an award, and a finding cannot be based wholly upon hearsay evidence." *Hackford v. Industrial Comm'n,* 11 Utah 2d 312, 315, 358 P.2d 899, 901 (1961). Whether the factual findings were based on a residuum of competent evidence is a question of law which we review for correctness.

## MEDICAL RECORDS EXCEPTION TO THE HEARSAY RULE

■ IPC contends that the only evidence of Johnson's involvement in the rescue of an employee and his exposure to toxic fumes was contained in his medical records from Utah. IPC argues that because the Utah records contain more detail, they are "contradictory and inconsistent" with the original account in the Washington State Fund Accident Report. The additional details, IPC asserts, may have been added more out of a motivation to recover workers' compensation benefits than a desire to seek or promote medical treatment. IPC argues that Johnson's subsequent statements about the rescue and the fumes are untrustworthy. Therefore, a physician's reliance on them should be deemed unreasonable unless Johnson can lay a proper foundation.

Rule 803(4) of the Utah Rules of Evidence states that medical records may be admissible as an exception to the hearsay rule as follows:

Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or ex-

than as herein provided or as adopted by the commission pursuant to this act....

The commission may receive as evidence and use as proof of any fact in dispute all evidence deemed material and relevant including, but not limited to the following:

ternal source thereof insofar as reasonably pertinent to diagnosis or treatment.

IPC cites *Roberts v. Hollocher,* 664 F.2d 200, 204 (8th Cir.1981) for the proposition that medical records, as a general rule, are admissible in a court of law as competent evidence under Rule 803(4) only if a party can satisfy the following two-prong foundational test: "(1) is declarant's motive in making the statements consistent with a desire to promote treatment? and (2) is it reasonable for the physician to rely on the information in his diagnosis or treatment?" IPC argues that the residuum rule requires the Commission to make the foregoing factual findings based on a residuum of competent non-hearsay evidence.

■ Foundational defects, unless timely objected to, are deemed waived and the evidence is deemed competent. *See, e.g., State v. Lairby,* 699 P.2d 1187, 1200 (Utah 1984). In this instance, IPC failed to challenge the foundation of the medical records before the Commission below; therefore, IPC cannot question their competence for the first time on appeal. *Id; cf. Hackford,* 358 P.2d at 900–01 (error to consider medical report where claimant filed written objections thereto and competency of report was not sustained by testimony at hearing).

The medical records from Utah reveal that Johnson was being treated for a cough and congestion as well as heart problems. Johnson's account therein of climbing stairs and inhaling fumes during an attempted rescue of co-worker provides a factual explanation as to the cause or external source for the symptoms, pain, or sensations being treated. Absent a successful foundational challenge, the records would have been admissible in a court of law under Rule 803(4) as an express exception to the hearsay rule. *See Joseph v. W.H. Groves Latter Day Saints Hosp.,* 7 Utah 2d 39, 318 P.2d 330 (1957) (notations by treating physicians on hospital records

....

(b) Reports of attending or examining physicians, or of pathologists.

....

(e) Hospital records· in the case of an injured or diseased employee.

carry "sufficient guarantees of trustworthiness to render them admissible in evidence").

■ The residuum rule requires that findings be supported by a residuum of legally competent evidence, not that they be supported by "non-hearsay" evidence. Certain hearsay evidence is admissible in a court of law and is therefore legally competent. Since the Commission's findings in this case were based on admissible hearsay, they were based upon legally competent evidence. IPC's failure to raise its foundational challenges below prevents IPC from raising them for the first time on appeal. We therefore hold that the requirements of the residuum rule were satisfied.[3]

The award is affirmed in all respects. Costs, but no attorney fees, are also awarded to Johnson on appeal.

BILLINGS and RUSSON, JJ., concur.

---

**3.** We do not address the remainder of IPC's appeal. *See State v. Carter,* 776 P.2d 886, 888 (Utah 1989) (appellate courts have discretion whether to "analyze and address in writing each and every argument, issue or claim raised").